1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10
11
12
13
14
15

| | |
|---|---|
| LEADERSHIP STUDIES, INC., dba CENTER FOR LEADERSHIP STUDIES, a California corporation,<br><br>                                        Plaintiff,<br>        v.<br>BLANCHARD TRAINING AND DEVELOPMENT, INC., a California corporation, and Does 1-10, inclusive,<br><br>                                        Defendant. | CASE NO. 15cv1831-WQH-KSC<br><br>ORDER |

16     HAYES, Judge:

17          The matter before the court are the Partial Motions to Dismiss (ECF No. 7, 11)

18     filed by Defendant and the Ex Parte Application for Leave to File a Sur-Reply (ECF

19     No. 18) filed by Plaintiff.

20     **I. Background**

21          On August 17, 2015, Plaintiff Leadership Studies commenced this action by

22     filing the Complaint.  (ECF No. 1).  On October 21, 2015, Defendant Blanchard

23     Training and Development filed the Partial Motion to Dismiss.  (ECF No. 7).  On

24     November 9, 2015, Plaintiff filed an amended complaint alleging seven causes of

25     action. (ECF No. 10).  On November 25, 2015, Defendant filed the Partial Motion to

26     Dismiss Plaintiff's fifth cause of action for copyright infringement with prejudice

27     pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon

28     which relief can be granted (ECF No. 11) and a Request for Judicial Notice (ECF No.

12).  On December 14, 2015, Plaintiff filed an Opposition to the Partial Motion to Dismiss  (ECF No. 14) and a Response to Defendant's Request for Judicial Notice (ECF No. 14-1).  On December 21, 2015, Defendant filed a reply to Plaintiff's Opposition to the Partial Motion to Dismiss (ECF No. 15) and a reply to Plaintiff's Response to Defendant's Request for Judicial Notice (ECF No. 16).  On December 22, 2015, Plaintiff filed the Ex Parte Application for Leave to File a Sur-Reply.  (ECF No. 18).  On December 23, 2015, Defendant filed an Opposition to Plaintiff's Ex Parte Application.  (ECF No. 21).

**II. Allegations of the Complaint**

Plaintiff alleges seven causes of action: (1) breach of written contract; (2) breach of the covenant of good faith and fair dealing; (3) trademark infringement under the Lanham Act, 15 U.S.C.A. § 1125; (4) unfair competition; (5) copyright infringement; (6) accounting; and (7) declaratory relief.  (ECF No. 10).

Plaintiff Leadership Studies, Inc., dba Center for Leadership Studies ("Plaintiff") "is a corporation organized and existing under the laws of the State of California and doing business and having offices in Cary, North Carolina."  (ECF No. 10 at ¶ 1).  "Leadership Studies is engaged in the business of teaching and promoting the 'Situational Leadership Model,' which enables managers, salespeople, peer leaders, teacher, and parents to interface with and influence others more effectively."  *Id*.  "Leadership Studies conducts workshops and certification processes with its customers, who use its unique curriculum to guide the customers onto the path of becoming more effective leaders."  *Id*.

Defendant Blanchard Training and Development, Inc. ("Defendant") "is a corporation organized and existing under the laws of California and doing business and having offices in Escondido, California."  *Id*. at ¶ 2.  "Blanchard is engaged in the business of leadership training, which includes development and implementation of leadership training models for businesses that wish to increase productivity and efficiency among their workforces."  *Id*.  "Blanchard provides training seminars and

reading material both on-site and online to its customers." *Id*.

"The founder of Leadership Studies, Paul Hersey, developed a theory concerning a methodology for leaders to influence others based on their readiness for a particular task." *Id*. at ¶ 8. "He named the model 'Situational Leadership.'" *Id*. "Ken Blanchard worked with Dr. Hersey as Dr. Hersey developed his theory." *Id*. at ¶ 9. "Dr. Blanchard became a partner in Dr. Hersey's company, Center for Leadership Studies." *Id*. at ¶ 10.

"In 1980, Dr. Blanchard sold his interest in Center for Leadership Studies and he was paid thirty thousand dollars ($30,000.00) . . . for his interest in the company." *Id*. at ¶ 11. "In conjunction with the sale of his interest in Center for Leadership Studies, Dr. Blanchard released any and all rights he had in any materials copyrighted by Center for Leadership Studies including those in which he had any role in preparing." *Id*. at ¶ 12.

"When Dr. Blanchard decided he wanted to branch out on his own and provide management training through his company, Blanchard, he wanted to use the concepts that he had worked on with Dr. Hersey, and Dr. Hersey agreed to license the right to use the mark 'SITUATIONAL LEADERSHIP' with the understanding that Dr. Blanchard's use of the Mark would inure to the benefit of Dr. Hersey's company, Leadership Studies." *Id*. at ¶ 14.

"Accordingly, Leadership Studies and Blanchard entered into a license agreement (the 'License Agreement') on or about December 19, 1987, pursuant to which Leadership Studies licensed to Blanchard 'the right to use Leadership Studies' trademark 'SITUATIONAL LEADERSHIP' in association with the goods and services which meet or exceed a level of quality exemplified by the goods and services presently offered under the mark 'SITUATIONAL LEADERSHIP . . . .'" *Id*. at ¶ 15.

"In the License Agreement, Blanchard acknowledge Leadership Studies' ownership of the 'Situational Leadership®' trademark (the 'Mark')." *Id*. at ¶ 16. "Blanchard further agrees that at all times Blanchard will 'use the appropriate statutory

notice symbol in conjunction therewith . . . ." *Id*. "The License Agreement does not grant Blanchard rights to assign or sublicense the Mark, other than in conjunction with the sale of Blanchard's entire business, in which case Blanchard is required to offer Leadership Studies a right of first refusal." *Id*. at ¶ 20.

"Subsequent to entering into the License Agreement, Blanchard began marketing its product under the name 'Situational Leadership® II' (the 'Derivative Mark')." *Id.* at ¶ 26. "Historically, Blanchard has maintained, until recently, that Blanchard uses the Derivative Mark pursuant to its rights under the License Agreement." *Id*. Blanchard "began marketing its product as 'Situational Leadership® II –the SLII Experience.'" *Id*. at ¶ 36. "Leadership Studies previously understood SLII to be a derivative mark acceptable under the Licensing Agreement . . . ." *Id.* at ¶ 37. "Blanchard subsequently registered the trademark 'SLII' with the United States Patent and Trademark Office (Registration No. 85,650,059)." *Id*. at ¶ 38.

"The mark 'Situational Leadership II' is confusingly similar to Leadership Studies' registered mark, 'Situational Leadership.'" *Id*. at ¶ 42. "In fact, Blanchard markets 'Situational Leadership II' as another version of 'Situational Leadership' . . . ." *Id*. at ¶ 44. "Blanchard increasingly provides information to prospective clients and on its website that emphasizes the 'vast' differences between Situational Leadership and Situational Leadership II, and now disparages both the foundation and content of Situational Leadership. . . ." *Id*. at ¶ 45. "Blanchard also has been marketing multiple new programs with names that are confusingly similar to 'Situational Leadership.'" *Id*. at ¶ 46. "Specifically, Blanchard markets a 'Situational suite of programs' that includes, but is not limited to, 'Situational Frontline Leadership,' 'Situational Leadership Development,' 'Situational Self Leadership,' and 'Situational Team Leadership,' and 'SLII Experience.'" *Id*. at ¶ 47.

In addition to alleging trademark infringement, in its fifth cause of action, Leadership Studies alleges Copyright Infringement under 17 U.S.C.A. §§ 501, *et seq*.

"In or about February 1977, Management Education & Development Inc.

('MED') created an original literary work entitled 'Leadership Effectiveness and Adaptability Description' (or 'LEAD') (Registration No. V2269P211)." *Id*. at ¶ 119. "On or about August 7, 1987, MED assigned its copyright registration for LEAD to Leadership Studies." *Id*. "From the creation of the LEAD work in 1977 to the present, MED and then Leadership Studies continuously complied with the copyright laws of the United States." *Id*. at ¶ 120. "Leadership Studies remains the sole proprietor of all rights, title, and interest in and to the LEAD work." *Id*. at ¶ 121

"Leadership Studies is informed and believes, and thereupon alleges that Defendants have been willfully infringing upon Leadership Studies copyrights in the LEAD work, by publishing and distributing works, without a license, that copy original elements of the LEAD work." *Id*. at ¶ 122.

"'The Situational Leader,' is an original literary work written by Dr. Hersey for the Center for Leadership Studies and that was copyrighted and registered with the United States Copyright Office in 1984 by the Center for Leadership Studies." *Id*. at ¶ 123. "'The Situational Leader,' is a book that included certain designs, figures, and diagrams that constituted original copyrighted works belonging to the Center for Leadership Studies." *Id*. at ¶ 124. "From the creation of 'The Situational Leader' until the present, Leadership Studies continuously have complied with the copyrights laws of the United States." *Id*. at ¶ 125. "Leadership Studies remains the sole proprietor of all rights, title, and interest in and to 'The Situational Leader,' including the original designs, figures, and diagrams contained therein." *Id*. at ¶ 126. "These designs, figures, and diagrams also were included in the original literary work by Paul Hersey entitled 'Situational Selling' that Dr. Hersey and the Center for Leadership Studies registered with the United States Copyright Office in 1985 with copyright registration number PA 260-343." *Id*. at ¶ 127. "From the creation of 'Situational Selling' until the present, Dr. Hersey and Leadership Studies continuously have complied with the copyrights laws of the United States." *Id*. at ¶ 128. "'Situational Selling' included original designs, figures, and diagrams in addition to those that were included in the 'The Situational

Leader,' and that had not appeared previously in any published works." *Id.* at ¶ 129. "Leadership Studies is informed and believes, and thereupon alleges that Defendants have willfully infringed upon Leadership Studies' copyrights in 'The Situational Leader' and 'Situational Selling' continuously since in or about 1985, by publishing and distributing works, without a license, that copy original elements of these works including, specifically, the original designs, figures, and diagrams contained therein." *Id.* at ¶ 130.

"'The Essentials of Situational Leadership: Theories, Concepts, Applications: Leader's Guide®' and 'The Essentials of Situational Leadership: Theories, Concepts, Applications: Participant's Manual®' (collectively 'Essentials Of Situational Leadership Guides') are original literary works written by Dr. Hersey for Leadership Studies that were each copyrighted and registered with the United States Copyright Office in 1980 by the Center for Leadership Studies and assigned to Leadership Studies in or about June 4 and 6, 1987, respectively." *Id.* at ¶ 131. "'Essentials of Situational Leadership Guides' are manuals that included certain designs, figures, and diagrams that constituted original copyrighted works belonging to the Center for Leadership Studies." *Id.* at ¶ 132. "From the creation of 'Essentials of Situational Leadership Guides' until the present, Leadership Studies continuously has complied with the copyrights laws of the United States." *Id.* at ¶ 133. "Leadership Studies remains the sole proprietor of all rights, title, and interest in and to 'Essentials of Situational Leadership Guides,' including the original designs, figures, and diagrams contained therein." *Id.* at ¶ 134. "Leadership Studies is informed and believes, and thereupon alleges that Defendants have willfully infringed upon Leadership Studies' copyrights in 'Essentials of Situational Leadership Guides,' continuously since in or about 1985, by publishing and distributing works, without a license, that copy original elements of these works including, specifically, the original designs, figures, and diagrams contained therein." *Id.* at ¶ 135.

"Materials prepared and distributed by Blanchard that infringe upon Leadership

Studies' copyrights include, but are not limited to, Blanchard's 'Situational Leadership® II - Participant Workbook' and attendant materials including the SLII application for mobile devices, the 'Situational Frontline Leadership - Participant Workbook' and attendant materials, in videos including, but not limited to, the one located at https://www.youtube.com/watch?v=XWXLe4szEko, Power Pont slide presentations on 'Situational Leadership® II' and 'Introduction to Situation Leadership® II,' Blanchard's 'Leader Behavior Analysis II' or 'LBAII' as well as the materials for the scoring and interpretation of the scores, materials provided to trainers and participants in connection with 'Situational Leadership® 2' and the 'SLII® Model,' and brochures and pamphlets that market 'Situational Leadership® II,' 'SLII®,' and other derivative or related programs."  *Id*. at ¶ 136.

"Leadership Studies is informed and believes that Blanchard also incorporates elements of Leadership Studies' copyrighted works and diagrams, including derivatives thereof that are substantially similar to Leadership Studies' copyrighted works, in all of its materials produced in connection with its 'Situational Leadership II,' "SLII,' 'Situational suite of programs,' 'Situational Frontline Leadership,' 'Situational Leadership Development,' 'Situational Self Leadership,' 'Situational Team Leadership,' programs and others. *Id*. at ¶ 137.

"Leadership Studies has been damaged by Defendants' unauthorized infringement upon Leadership Studies' copyrights, and their elements, in violation of 17 U.S.C.A. §§ 501, *et seq*."  *Id*. at ¶ 138.

**III. Discussion**

**A. Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a) provides that "[a] pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A district court's dismissal for failure to state a

1   claim under Federal Rule of Civil Procedure 12(b)(6) is proper if there is a 'lack of a
2   cognizable legal theory or the absence of sufficient facts alleged under a cognizable
3   legal theory.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011)
4   (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

5          "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'
6   requires more than labels and conclusions, and a formulaic recitation of the elements
7   of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)
8   (quoting Fed. R. Civ. P. 8(a)).   "To survive a motion to dismiss, a complaint must
9   contain sufficient factual matter, accepted as true, to 'state a claim to relief that is
10   plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*,
11   550 U.S. at 570).   "A claim has facial plausibility when the plaintiff pleads factual
12   content that allows the court to draw the reasonable inference that the defendant is liable
13   for the misconduct alleged." *Id*. (citation omitted).   "[T]he tenet that a court must
14   accept as true all of the allegations contained in a complaint is inapplicable to legal
15   conclusions.   Threadbare recitals of the elements of a cause of action, supported by
16   mere conclusory statements, do not suffice." *Id*. (citation omitted).   "When there are
17   well-pleaded   factual   allegations,   a court should assume their veracity and then
18   determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679.   "In
19   sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content,
20   and reasonable inferences from that content, must be plausibly suggestive of a claim
21   entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir.
22   2009) (quotations and citation omitted).

23          **B. Contentions of the Parties**
24          Defendant Blanchard Training contends that Plaintiff's fifth cause of action for
25   copyright infringement should be dismissed with prejudice because the Amended
26   Complaint fails to identify "[1] the specific original content that is alleged to have been
27   infringed; [2] any factual content that allows the Court to draw a reasonable inference
28   that Blanchard Training is liable for alleged copying; and [3] any substantial similarity

between any original elements of the parties' respective words or copying of any of Leadership Studies' works in substantial part." (ECF No. 11-1 at 6). Defendant contends that Plaintiff failed to plead ownership of the original content and that the copyright registration numbers in the Amended Complaint are incorrect. *Id*. at 19. Defendant also contends that the Amended Complaint "does not specifically identify a single design, figure, or diagram that allegedly infringes Plaintiff's copyrights." *Id*. at 12. Defendant contends that the claim should be dismissed with prejudice because it "cannot be fixed" because "Dr. Blanchard and Dr. Hersey jointly authored the questionnaire at issue and Situational Leadership 'designs, figures, and diagrams' years *prior to the existence* of Leadership Studies . . . ." *Id*. at 6. Relying on the works submitted by judicial notice, Defendant contends that these works "conclusively establish[] (1) that the asserted LEAD work was not an original work created by Plaintiff in 1977, and 1920 that many 'designs, figures, and diagrams' that appear in the asserted works were not original." (ECF No. 15 at 12).

Plaintiff contends that Defendant's Motion to Dismiss should be denied because Plaintiff's Amended Complaint includes the level of specificity that is required to state a claim for copyright infringement. (ECF No. 14 at 19). Plaintiff acknowledges that the Amended Complaint includes "erroneous registration numbers," but contends that Plaintiff was not required to included that information "where 'there is no material risk of confusion' as to the works at issue." *Id*. Plaintiff contends that the Court should not assess infringement in this case by comparing the works because the copyrighted work and the alleged infringed work are not both properly before the Court.

## C. Request for Judicial Notice

Defendant requests that the Court take judicial notice of ten documents and publications in connection with Defendant's Motion to Dismiss pursuant to the Federal Rule of Evidence 201 and by the doctrine of incorporation by reference. Defendant contends that the Court can take judicial notice of "the journal articles and books in Exhs. A, B, C, D, and F as an indication of what works authored by Dr. Blanchard and

Dr. Hersey were in the public realm during the respective years of publication." *Id*. at 4. Defendant contends that "it is appropriate to take judicial notice of the screenshot from the YouTube video in Exhibit E and the information contained therein" because it is a "publicly accessible work[] on the Internet." *Id*. Defendant contends that it is appropriate for the Court to take judicial notice of the Copyright Office records and Ohio Secretary of State Records in Exhibits G, I, and J because they are public records. *Id*. Defendant also contends that "should this Court not take judicial notice of Exhibits D, E, I, or J," the Court should consider these exhibits "because these exhibits are central to the allegation in the complaint, and their authenticity is not contested." *Id*. at 5.

Plaintiff "does not oppose this Court taking judicial notice of the copyright registrations from the website of the United States Copyright Office," Exhibits I and J. (ECF No. 14-1 at 2-3). Plaintiff "does not contest the fact that" Exhibits G and H "are generally the proper subjects of a request for judicial notice." *Id*. at 3. However, Plaintiff contends that "judicial notice should be limited to the *fact* that such documents were filed on or about the dates on which they were recorded . . . not the contents for the truth of the matters asserted therein." *Id*.

Plaintiff contends that the Court should not consider Exhibit A, B, C, and F under the doctrine of incorporation by reference because those exhibits are not referenced in the Amended Complaint. *Id*. at 5, 7. Plaintiff contends that "although it would be acceptable to take judicial notice of the *existence* of [Exhibits B and C], the excerpts are inadmissible for the truth of their contents" and for the "factual and legal inferences that Blanchard suggests." *Id*. at 5. Plaintiff contends that "while [Exhibit A and F's] *existence* may be judicially noticed," the Court should not infer facts or legal conclusions from their existence. *Id*. at 7. Plaintiff contends that Exhibit D is a "misleading excerpt" and should be "disregarded" by the Court because it is "irrelevant and more prejudicial than probative." *Id*. at 4. Plaintiff also contends that it would be "improper" for the Court to take judicial notice of the screenshot (Exhibit E) "for the

1  reason urged by Blanchard, *i.e.* that this isolated image 'proves' that none of its
2  materials infringe Leadership Studies' copyrights." *Id*. at 5-6.

3      "As a general rule, a district court may not consider any material beyond the
4  pleadings in ruling on a Rule 12(b)(6) motion." *Lee v. City of Los Angeles*, 250 F.3d
5  668, 688 (9th Cir. 2001).  However, there are "two exceptions to the requirement that
6  consideration of extrinsic evidence converts a 12(b)(6) motion to a summary judgment
7  motion."  *Id*.  First, Federal Rule of Evidence 201 provides that "[t]he court may
8  judicially notice a fact that is not subject to reasonable dispute because it . . . is
9  generally known within the trial court's territorial jurisdiction; or . . . can be accurately
10 and readily determined from sources whose accuracy cannot reasonably be questioned."
11  Fed R. Evid. 201(b).  [U]nder Fed. R. Evid. 201, a court may take judicial notice of
12 'matters of public record.'"  *Lee*, 250 F.3d at 689 (quoting *Mack v. South Bay Beer
13 Distrib.*, 798 F.2d 1279, 1282 (9th Cir.1986)).   Second, under the doctrine of
14 incorporation by reference, "[a] district court ruling on a motion to dismiss may
15 consider documents whose contents are alleged in a complaint and whose authenticity
16 no party questions, but which are not physically attached to the plaintiff's pleadings."
17 *Parrino v. FHP, Inc*., 146 F.3d 699, 705 (9th Cir. 1998) (internal quotation marks
18 omitted).  The "incorporation by reference" doctrine has been extended "to situations
19 in which the plaintiff's claim depends on the contents of a document, the defendant
20 attaches the document to its motion to dismiss, and the parties do not dispute the
21 authenticity of the document, even though the plaintiff does not explicitly allege the
22 contents of that document in the complaint."  *Knievel v. ESPN*, 393 F.3d 1068, 1076
23 (9th Cir. 2005).

24      In this case, the Court will take judicial notice of the existence of all of
25 Defendant's exhibits,  Exhibits A, B, C, D, E, F, G, H, I, and J; however, the Court will
26 not consider the truth of the facts therein.

27      **C. Copyright Claim**
28      To state a claim for copyright infringement, Plaintiffs must allege: "(1)

15cv1831-WQH-KSC

ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991); *see Perfect 10, Inc. v. Cybernet Ventures, Inc*., 167 F. Supp. 2d 1114, 1120 (C.D. Cal. 2001) (copyright claims need not be pled with particularity).  The second element requires a plaintiff to allege that "the infringer had access to plaintiff's copyrighted work and that the works at issue are substantially similar in their protected elements." *Cavalier v. Random House, Inc.*, 297 F.3d 815, 822 (9th Cir. 2002).  "[W]hen the copyrighted work and the alleged infringement are both before the court, capable of examination and comparison, non-infringement can be determined on a motion to dismiss." *Christianson v. West Publ'g Co.*, 149 F.2d 202, 203 (9th Cir. 1945).

In this case, Plaintiff has identified several works by name that Defendant has allegedly infringed, such as LEAD and "The Situational Leader."  Plaintiff alleges that it owns the copyrights for these works.  Plaintiff specifies that Defendants infringed upon Plaintiff's copyrights for certain "original designs, figures, and diagrams" that were in these works.  *See* ECF No. 10 at ¶¶ 130, 135.  Plaintiff need not identify with specificity every "design, figure, and diagram" at issue.  *See Perfect 10, Inc.*, 167 F. Supp. 2d at 1121 ("Perfect 10's complaint identifies copyrights involving their magazines and identifies ownership of the pictures within the magazines.  This is sufficient to notify Cybernet as to the type of infringing conduct and the source of the claims").  Plaintiff has also plead where the allegedly infringing content can be found, such as in the Situational Leadership® II - Participant Workbook and attendant materials, the Power Point slide presentations on Situational Leadership® II and Introduction to Situation Leadership® II, and Blanchard's Leader Behavior Analysis II or LBAII.  *See* ECF No. 10 at ¶ 136; *see also Perfect 10*, 167 F. Supp. 2d at 1121 ("the complaint specifically identifies websites where infringing conduct can be found").  The Court concludes that Plaintiff has plead sufficient facts to state a claim for copyright infringement.

Defendant contends that the documents Defendant submitted for judicial notice

"confirm the implausibility of Plaintiff's copyright claims."  (ECF No. 15 at 12).  Although the Court can take judicial notice of the existence of those documents, the Court cannot properly use those documents for the truth of disputed factual matters.  *See Lee*, 250 F.3d at 688.  The Court will not examine and compare the copyrighted works and the alleged infringements at this stage in this case.

As Plaintiff concedes, the registration numbers that Plaintiff pled in the Amended Complaint are incorrect and do not correspond with the works asserted.  (ECF No. 14 at 19).  Plaintiff "offers to correct them in a further amended complaint should the Court so request."  *Id*.  The Court grants Defendant's Motion to Dismiss without prejudice.  The Court grants Plaintiff leave to amend the Amended Complaint for the sole purpose of correcting the copyright registration numbers in paragraphs 119 and 127.

**D. Attorney's Fees**

Defendant requests that the Court award it costs and reasonable attorney's fees under the fee-shifting provisions of the Copyright Act.  Plaintiff contends that there is no basis to award attorney's fees.  The Copyright Act provides the district court discretion to award a 'reasonable attorney's fee" to the "prevailing party."  17 U.S.C. § 505; *Fogerty v. Fantasy, Inc*. 510 U.S. 517, 533-34 (1994) ("The word 'may' in § 505 clearly connotes discretion in awarding such fees, and an automatic award would pretermit the exercise of that discretion.").  In considering whether to award fees, the court might consider "(1) the degree of success obtained; (2) frivolousness; (3) motivation; (4) the objective unreasonableness of the losing party's factual and legal arguments; and (5) the need, in particular circumstances, to advance considerations of compensation and deterrence." *Love v. Associated Newspapers, Ltd.*, 611 F.3d 601, 614 (9th Cir. 2010).  The Court concludes that Plaintiff has plead sufficient facts to state a claim for copyright infringement.  Defendant's request for costs and reasonable attorney's fees is denied.

/ / /

**IV. Conclusion**

1    IT IS HEREBY ORDERED that the Partial Motion to Dismiss (ECF No. 7) filed

2  by Defendant is dismissed as moot.

3    IT IS FURTHER ORDERED that Defendant's partial motion to dismiss (ECF

4  No. 11) is granted without prejudice.  The Court grants Plaintiff leave to amend the

5  Amended Complaint (ECF No. 10) for the sole purpose of correcting the copyright

6  registration numbers in paragraphs 119 and 127.

7    IT IS FURTHER ORDERED that Plaintiff's Ex Parte Application for Leave to

8  File a Sur-Reply (ECF No. 18) is granted.

9    IT IS FURTHER ORDERED that Defendant's request for attorney's fees is

10  denied.

11  DATED:  March 4, 2016

12
**WILLIAM Q. HAYES**
13  United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28