UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEADERSHIP STUDIES, INC., dba CENTER FOR LEADERSHIP STUDIES, a California corporation,<br><br>Plaintiff,<br>v.<br>BLANCHARD TRAINING AND DEVELOPMENT, INC., a California corporation, and Does 1-10, inclusive,<br><br>Defendant. | CASE NO. 15cv1831-WQH-KSC<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the Motion to Amend/Correct Second Amended Complaint and File Third Amended Complaint (ECF No. 44) filed by Plaintiff Leadership Studies, Inc. ("Plaintiff").

**I. Background**

On August 17, 2015, Plaintiff Leadership Studies commenced this action by filing the Complaint. (ECF No. 1). On November 9, 2015, Plaintiff filed the First Amended Complaint. (ECF No. 10). On March 4, 2016, the Court granted Defendant Blanchard Training and Development, Inc.'s ("Defendant's") Partial Motion to Dismiss without prejudice. On April 13, 2016, Plaintiff filed the Second Amended Complaint. (ECF No. 27). On April 27, 2016, Defendant filed the Answer to the Second Amended

Complaint and included a counterclaim and affirmative defenses. (ECF No. 28).[1] On August 29, 2016, Plaintiff filed the Motion to Amend/Correct the Second Amended Complaint and File Third Amended Complaint. (ECF No. 44). On September 12, 2016, Defendant filed a response. (ECF No. 45). On September 19, 2016, Plaintiff filed a reply. (ECF No. 46).

**II. Discussion**

Federal Rule of Civil Procedure 15 mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted). In *Foman v. Davis*, 371 U.S. 178 (1962), the Supreme Court offered several factors for district courts to consider in deciding whether to grant a motion to amend under Rule 15(a):

> In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be "freely given."

*Foman*, 371 U.S. at 182; *see also Smith v. Pac. Prop. Dev. Co.*, 358 F.3d 1097, 1101 (9th Cir. 2004). "Not all of the [*Foman*] factors merit equal weight. As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052 (citations omitted). "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052.

After review of the Motion to Amend/Correct the Second Amended Complaint

---

[1] On May 23, 2016, Plaintiff filed a Motion to Dismiss the counterclaim and various affirmative defenses. (ECF No. 30). Defendant filed a response on June 21, 2016. (ECF No. 34). Plaintiff filed a reply on June 28, 2016. (ECF No. 36). The Motion to Dismiss the counterclaim and affirmative defenses has been fully plead and is before the Court. This Order does not address Plaintiff's Motion to Dismiss.

and File Third Amended Complaint and all related filings, the Court concludes that Defendant has not made a sufficiently strong showing of the *Foman* factors to overcome the presumption of Rule 15(a) in favor of granting leave to amend. *See Eminence Capital*, 316 F.3d at 1052.

**III. Conclusion**

IT IS HEREBY ORDERED that the Motion to Amend/Correct Second Amended Complaint and File Third Amended Complaint (ECF No. 44) is GRANTED. Plaintiff shall file the proposed third amended complaint attached to the motion (ECF No. 44-3) **within ten (10) days** from the date of this order.

DATED: October 27, 2016

**WILLIAM Q. HAYES**
United States District Judge