FILED
17 MAR 24 PM 2:56
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: MPL DEPUTY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEADERSHIP STUDIES, INC., Plaintiff, v. BLANCHARD TRAINING AND DEVELOPMENT, INC., Defendant. | CASE NO. 15CV1831 WQH-KSC **STIPULATED AMENDED PROTECTIVE ORDER** |
| BLANCHARD TRAINING AND DEVELOPMENT, INCORPORATED, Counterclaim-Plaintiff v. LEADERSHIP STUDIES, INC. Counterclaim-Defendant. | |

The Court recognizes that at least some of the documents and information ("Materials") being sought through discovery in the above-captioned action are, for competitive reasons, normally kept confidential by the parties. The parties have agreed to be bound by the terms of this Amended Protective Order ("Order") in this action. The purpose of this Order's changes upon the prior protective order in this action is to make clear that the protections of this Order also extend to third parties

that agree to be bound by the Order's terms. This Order supersedes the previous protective order entered by this Court.

The materials to be exchanged throughout the course of the litigation may contain trade secret or other confidential research, technical, cost, price, marketing or other commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c)(7). The purpose of this Order is to protect the confidentiality of such materials as much as practical during the litigation.

THEREFORE:

DEFINITIONS

1. The term "Confidential Information" will mean and include information contained or disclosed in any Materials (a term defined in Paragraph 2 below), including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be Confidential Information by any party to which it belongs.

2. The term "Materials" will include, but is not be limited to, in any media: documents; correspondence; memoranda; bulletins; blueprints; specifications; customer lists or other material that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes (including laboratory notebooks and records); reports; instructions; disclosures; other writings; models and prototypes and other physical objects.

3. The term "Producing Party" will mean the party (whether a litigating party or a third party) actually producing or disclosing the respective Confidential Information sought to be protected by this Order.

4. The term "Receiving Party" will mean the party (whether a litigating party or a third party) actually receiving the respective Confidential Information sought to be protected by this Order.

5. The term "Counsel" will mean outside counsel of record for the litigating parties, and other attorneys, paralegals, secretaries, and other support staff employed in those law firms currently identified below:

**ZUBER LAWLER & DEL DUCA LLP**
777 S. Figueroa Street, 37th Floor
Los Angeles, California 90017

and

**COOLEY LLP**
4401 Eastgate Mall
San Diego, California 92121

GENERAL RULES

6. Any Producing Party that produces or discloses any Materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the Producing Party believes should be subject to this Order may designate those Materials, or the relevant information therein, as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY."

(a) Designation as "CONFIDENTIAL": Any Producing Party may designate information as "CONFIDENTIAL" only if, in the good faith belief of such party (and its counsel, to the extent the party has counsel), the unrestricted disclosure of such information could be potentially prejudicial to the business or operations of such party.

(b) Designation as "CONFIDENTIAL - FOR COUNSEL ONLY": Any Producing Party may designate information as "CONFIDENTIAL - FOR COUNSEL ONLY" only if, in the good faith belief of such party (and its counsel, to the extent the party has counsel), the information is among that considered to be most sensitive by such party, including but not limited to trade secret or other confidential research, development, financial, or other commercial information.

7. In the event the Producing Party elects to produce Materials for inspection, no marking need be made by such party in advance of such inspection. For purposes of such inspection, all materials produced will be considered as "CONFIDENTIAL - FOR COUNSEL ONLY," and must be treated as such pursuant to the terms of this Order. Thereafter, upon selection of specified Materials for copying by the inspecting party, the Producing Party must, within a reasonable time prior to producing those materials to the inspecting party, mark the copies of those Materials that contain Confidential Information with the appropriate confidentiality marking.

8. Whenever a deposition taken on behalf of any party involves a disclosure of Confidential Information of any party (whether a litigant or a third party):

(a) the deposition or portions of the deposition must be designated as containing Confidential Information subject to the provisions of this Order; such designation must be made on the record whenever possible, but a party may designate portions of depositions as containing Confidential Information after transcription of the proceedings; a party will have until fourteen (14) days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript to be designated "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY."

(b) the Producing Party will have the right to exclude from attendance at the deposition, during such time as the Confidential Information is to be disclosed, any person other than the deponent, counsel (including their staff and associates), the party's representative, the court reporter, and the person(s) agreed upon pursuant to Paragraph 10 below; provided, however, that if the materials are designated by a party as "CONFIDENTIAL - FOR COUNSEL ONLY," non-counsel representatives of the other party shall not remain in attendance for such portion of the deposition; and

(c) the originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY," as appropriate, and the original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.

9. All Confidential Information designated as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY" must not be disclosed by the Receiving Party to anyone other than those persons designated within this Order and must be handled in the manner set forth below and, in any event, must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

10. Information designated "CONFIDENTIAL - FOR COUNSEL ONLY" must be viewed only by Counsel (as defined in Paragraph 5) of the Receiving Party, and by independent experts under the conditions set forth in this Paragraph. The right of any independent expert to receive any Confidential Information will be subject to the advance approval of such expert by the Producing Party or by permission of the Court. The party seeking approval of an independent expert must provide the Producing Party with the name and curriculum vitae of the proposed

independent expert, and an executed copy of the form attached hereto (titled "Agreement To Be Bound By Protective Order"), in advance of providing any Confidential Information of the Producing Party to the expert. Any objection by the Producing Party to an independent expert receiving Confidential Information must be made in writing within fourteen (14) days following receipt of the identification of the proposed expert and must specify the grounds for the disapproval. Confidential Information may be disclosed to an independent expert if the fourteen (14) day period has passed and no objection has been made. The approval of independent experts must not be unreasonably withheld.

11. Information designated "CONFIDENTIAL" must be viewed only by Counsel (as defined in Paragraph 5) of the Receiving Party, by independent experts (pursuant to the terms of Paragraph 10), and by the additional individuals listed below, provided each such individual has read this Order in advance of disclosure and has agreed in writing to be bound by its terms:

(a) Executives who are required to participate in policy decisions with reference to this action;

(b) Technical personnel of the parties with whom Counsel for the parties find it necessary to consult, in the discretion of such Counsel, in preparation for trial of this action; and

(c) Stenographic and clerical employees associated with the individuals identified above.

12. With respect to material designated "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY," any person indicated on the document to be its originator, author, or a recipient of a copy of the document, may be shown the same.

13. All information that has been designated as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY" by the Producing Party, and any and

all reproductions of that information, must be retained in the custody of the Counsel for the Receiving Party identified in Paragraph 5, except that independent experts authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation.

14. Before any Confidential Information produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents that are designated as Confidential Information are filed with the Court for any purpose, the party seeking to file such material must seek permission of the Court to file the material under seal. Nothing shall be filed under seal, and the Court shall not be required to take any action, without separate prior order by the Judge before whom the hearing or proceeding will take place, after application by the affected party with appropriate notice to opposing counsel. The parties shall follow and abide by applicable law, including Civ. L.R. 79.2, ECF Administrative Policies and Procedures, Section II. j, and the chambers' rules, with respect to filing documents under seal.

15. At any stage of these proceedings, any party may object to a designation of the Materials as Confidential Information. The party objecting to confidentiality must notify, in writing, counsel for the designating party of the objected-to materials and the grounds for the objection. If the dispute is not resolved consensually between the parties within seven (7) days of receipt of such a notice of objections, the objecting party may move the Court for a ruling on the objection. The Materials at issue must be treated as Confidential Information, as designated by the designating party, until the Court has ruled on the objection or the matter has been otherwise resolved.

16. All Confidential Information must be held in confidence by those inspecting or receiving it, and must be used only for purposes of this action. Counsel for each litigating party, and each person receiving Confidential Information, must

take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If Confidential Information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of all parties, including the Producing Party, and, without prejudice to any rights and remedies of any party, make every effort to prevent further disclosure by the responsible party and by the person(s) receiving the unauthorized disclosure.

17. No party will be responsible to another party for disclosure of Confidential Information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

18. If a Producing Party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Order, such party may give written notice to the Receiving Party that the document or thing produced is deemed Confidential Information, and that the document or thing produced should be treated as such in accordance with that designation under this Order. The Receiving Party must treat the materials as properly designated Confidential Information, once the designating party so notifies the Receiving Party. If the Receiving Party has disclosed the materials before receiving the designation, the Receiving Party must notify the designating party in writing of each such disclosure. Counsel for the Producing Party and the Receiving Party will agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY."

19. Nothing within this Order will prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

20. Nothing in this Order will bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Confidential Information, provided that the contents of the information must not be disclosed.

21. This Order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information. The existence of this Order must not be used by any party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

22. Nothing within this Order will be construed to prevent disclosure of Confidential Information if such disclosure is required by law or by order of a Court.

23. Upon final termination of this action, including any and all appeals, counsel for any Receiving Party must, upon request of the Producing Party, return all Confidential Information to the Producing Party, including any copies, excerpts, and summaries of that information, or must destroy same at the option of the Receiving Party, and must purge all such information from all machine readable media on which it resides. Notwithstanding the foregoing, counsel for any Receiving Party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate Confidential Information, and will continue to be bound by this Order with respect to all such retained information. Further, attorney work product materials that contain Confidential Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.

24. The restrictions and obligations set forth within this Order will not apply to any information that: (a) the Producing Party and Receiving Party agree

should not be designated Confidential Information; (b) the Producing Party and Receiving Party agree, or the Court rules, is already public knowledge; (c) the Producing Party and Receiving Party agree, or the Court rules, has become public knowledge other than as a result of disclosure by the Receiving Party, its employees, or its agents in violation of this Order; or (d) has come or will come into the Receiving Party's legitimate knowledge independently of the production by the Producing Party. Prior knowledge must be established by pre-production documentation.

25. The restrictions and obligations within this Order will not be deemed to prohibit discussions of any Confidential Information with anyone if that person already has or obtains legitimate possession of that information.

26. Transmission by email is acceptable for all notification purposes within this Order.

27. This Order may be modified by agreement of the litigating parties, subject to approval by the Court.

28. The Court may modify the protective order in the interests of justice or for public policy reasons. The Court may modify the terms and conditions of this Order for good cause or on its own order at any time in these proceedings. The parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.

IT IS SO ORDERED.

Dated: March 24, 2017

Hon. Karen S. Crawford
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LEADERSHIP STUDIES, INC.,<br>Plaintiff,<br>v.<br>BLANCHARD TRAINING AND DEVELOPMENT, INC.,<br>Defendant. | CASE NO. 15CV1831 WQH-KSC<br>**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER** |
| BLANCHARD TRAINING AND DEVELOPMENT, INCORPORATED,<br>Counterclaim– Plaintiff<br>v.<br>LEADERSHIP STUDIES, INC.<br>Counterclaim-Defendant | |

I, ______________________________________, declare and say that:

1. I am employed as ____________________________________ by ____________________________________________________________.

2. I have read the Protective Order entered in *Leadership Studies, Inc. v. Blanchard Training and Development, Inc.*, Case No. 15CV1831 WQH-KSC, and have received a copy of the Protective Order.

3. I promise that I will use any and all "Confidential" or "Confidential - For Counsel Only" information, as defined in the Protective Order, given to me only in a manner authorized by the Protective Order, and only to assist counsel in the litigation of this matter.

4. I promise that I will not disclose or discuss such "Confidential" or "Confidential - For Counsel Only" information with anyone other than the persons described in paragraphs 3, 8; and 9 of the Protective Order.

5. I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Southern District of California with respect to enforcement of the Protective Order.

6. I understand that any disclosure or use of "Confidential" or "Confidential - For Counsel Only" information in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: ______________________ By: ______________________________

______________________________

Print Name