| | |
|---|---|
| 1 | MICHELE M. DESOER (SBN 119667) |
|   |   *mdesoer@zuberlaw.com* |
| 2 | JEFFREY J. ZUBER (SBN 220830) |
|   |   *jzuber@zuberlaw.com* |
| 3 | A. JAMES BOYAJIAN (SBN 275180) |
|   |   *aboyajian@zuberlaw.com* |
| 4 | **ZUBER LAWLER & DEL DUCA LLP** |
|   | 777 S. Figueroa Street, 37th Floor |
| 5 | Los Angeles, California  90017 |
|   | Telephone: (213) 596-5620 |
| 6 | Facsimile:   (213) 596-5621 |

Attorneys for Plaintiff and
Counterclaim-Defendant Leadership Studies, Inc.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEADERSHIP STUDIES, INC., a California corporation, | CASE NO. 15CV1831 WQH-KSC |
| Plaintiff, | **DECLARATION OF A. JAMES BOYAJIAN IN SUPPORT OF OPPOSITION TO BLANCHARD TRAINING AND DEVELOPMENT, INC.'S MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| BLANCHARD TRAINING AND DEVELOPMENT, INC., a California corporation, and Does 1-10, inclusive, | |
| Defendants. | **NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** |
| BLANCHARD TRAINING AND DEVELOPMENT, INCORPORATED, | [Filed Concurrently with Opposition to Blanchard Training and Development, Inc.'s Motion for Summary Judgment] |
| Counterclaim-Plaintiff, | |
| v. | |
| LEADERSHIP STUDIES, INC., | |
| Counterclaim-Defendant. | |

0811-1026 / 674938.1

Case No. 15CV1831 WQH-KSC
DECLARATION OF A. JAMES BOYAJIAN IN SUPPORT OF OPPOSITION TO BLANCHARD TRAINING AND DEVELOPMENT. INC.'S MOTION FOR SUMMARY JUDGMENT

# DECLARATION OF A. JAMES BOYAJIAN

I, A. James Boyajian, declare as follows:

1. I am an attorney duly admitted to practice before this Court. I am an associate with Zuber Lawler & Del Duca LLP, attorneys of record for Plaintiff and Counterclaim-Defendant Leadership Studies, Inc. ("Leadership Studies") in the above-captioned case. I have personal knowledge of the facts stated herein, and if called to testify, I could competently do so.

2. I am personally familiar with the documents attached to Leadership Studies' Response To Separate Statement Of Undisputed Material Facts And Leadership Studies' Statement Of Additional Undisputed And Disputed Material Facts ("RSUMF") submitted herewith. All documents bearing a bates label in the footer starting with "BLANCHARD" are true and correct copies of documents produced by Defendant and Counterclaim-Plaintiff Blanchard Training and Development Incorporated ("Blanchard Training") in the above captioned case; whereas all documents bearing a bates label in the footer starting with "CLS" are true and correct copies of documents produced by Leadership Studies in the above captioned case.

3. Leadership Studies filed the present lawsuit to address Blanchard's breaches of contract, and also to resolve related disputes regarding the intellectual properties and other rights of the parties, after receiving information that indicated Blanchard Training was trying to usurp the goodwill to the Situational Leadership® trademark in breach of the parties' 1987 licensing agreement ("1987 Agreement."). Leadership Studies did not take a shotgun approach to litigation. It made every decision with careful consideration of the evidence. The issue has been decades in the making, Dr. Hersey, tragically passed before the latest dispute commenced. Leadership Studies has collected and analyzed this record without his input, and despite ongoing discovery issues with Blanchard.

0811-1026 / 674938.1

1   Case No. 15CV1831 WQH-KSC
DECLARATION OF A. JAMES BOYAJIAN IN SUPPORT OF OPPOSITION TO BLANCHARD TRAINING AND DEVELOPMENT. INC.'S MOTION FOR SUMMARY JUDGMENT

4. The parties engaged in written discovery starting in August 2016, including several sets of Interrogatories, Requests for Admission, and Requests for Production, and their respective counsel met and conferred multiple times to informally resolve various issues related to the copyright infringement claim, all of which were documented in follow-up written correspondences.

5. On December 13, 2016, Leadership Studies located and produced Dr. Paul Hersey's 1975 dissertation ("1975 Dissertation") to Blanchard Training.

6. To date, Blanchard Training has not confirmed in writing or otherwise, in response to Leadership Studies counsel's December 30, 2016 letter, that it "[h]as conducted a reasonable search and diligent inquiry, and has produced all responsive documents relevant to the chain of title issue or the sale of intellectual property rights[,]" A true and correct copy of Leadership Studies' December 30, 2016 letter was attached to Blanchard Training's Statement of Undisputed Material Facts as Exhibit B.

7. On February 28, 2017, Leadership Studies' counsel delivered another letter to Blanchard Training's counsel ("February 28 Letter") stating that Leadership Studies is narrowing its copyright infringement claim to only those new original elements of the four-quadrant bell curve diagram appearing in the 1975 Dissertation. An image of the actual model at issue ("1975 Work") was included in the letter to avoid any confusion. A true and correct copy of this letter along with the transmittal email for the same are attached to the RSUMF as Exhibit 8.

8. On March 29, 2017, Blanchard Training filed its motion for summary judgment ("MSJ") without ever having responding to the February 28 Letter or even following up to request the status of the expected supplemental responses. The MSJ did not even address the 1975 Work, but instead addressed other works that CLS already committed in writing that it was not pursuing.

0811-1026 / 674938.1   DECLARATION OF A. JAMES BOYAJIAN IN SUPPORT OF OPPOSITION TO BLANCHARD TRAINING AND DEVELOPMENT. INC.'S MOTION FOR SUMMARY JUDGMENT

9. Upon receiving service of the moving papers on March 29, 2017, Leadership Studies' counsel promptly alerted Blanchard Training's counsel about these issues via email, inquiring whether the MSJ had inadvertently overlooked Leadership Studies' position as was explained in the February 28 Letter. However, Blanchard Training's counsel confirmed that they did receive our February 28 Letter, and represented that the MSJ would not be withdrawn. Since the MSJ ignored the February 28 Letter entirely, this was the first time that Blanchard Training had ever communicated to Leadership Studies that the representations in the February 28 Letter, narrowing the copyright claim to the single 1975 Work, was somehow not sufficient. A true and correct copy of the entire email chain of correspondence between counsel following service of the MSJ is attached to the RSUMF as <u>Exhibit 9</u>.

10. On March 31, 2017, Leadership Studies served its supplemental responses to certain interrogatories in a document entitled, "PLAINTIFF AND COUNTERCLAIM DEFENDANT LEADERSHIP STUDIES, INC.'S AMENDED RESPONSES TO INTERROGATORY NOS. 2, 3, 5, 6, AND 7[,]" a true and correct copy of which is attached to the RSUMF as <u>Exhibit 10</u>. The responses juxtapose images of the 1975 Diagram next to a recent example of Blanchard Training's "Situational Leadership ® II" diagram to show how Blanchard Training continues to use and sell materials that copy original elements of the four-quadrant bell curve diagram from the 1975 Dissertation work; indeed, Blanchard Training continues to use those elements in its diagrams appearing in, among other things, its publications, mobile applications, and YouTube videos.

11. Since the February 28 Letter, Blanchard Training has produced four more sets of documents, totaling 4,746 documents with 26,148 pages; 6,559 pages of which were served on March 31, 2017 (*i.e.*, 2 days *after* Blanchard Training filed the MSJ) and another 6,228 of which were served on April 14, 2017 (*i.e.*, the Friday

before the Monday-deadline of Leadership Studies' opposition).  True and correct copies of Blanchard Training's transmittal letters served along with its past four production sets are attached in chronological order to the RSUMF as <u>Exhibit 11</u>.

12.     Documents produced among the last several batches were clearly available to Blanchard Training for *months* earlier as they involve key custodians on topics relevant to the MSJ, and yet Blanchard Training has held them back until very recently; Leadership Studies counsel has not been provided with enough time to review all of these documents prior to the filing of its opposition papers.

13.     Leadership Studies understands that the deal to which Blanchard refers in the attorneys' fee request portion of its supporting memorandum was conditioned on Leadership Studies (a) also agreeing to be sold to the third party or (b) agreeing to a revised 1987 Agreement detrimental to its interests; yet, despite the protective order being in place in this case, Blanchard has resisted and the third party with which it was engaged in merger negotiations have resisted producing any relevant information Leadership Studies has sought in discovery, forcing Leadership Studies to file yet another motion to compel discovery which is now pending before the Magistrate Judge.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 17th day of April, 2017, at Los Angeles, California.

       *s/ A. James Boyajian*
       A. James Boyajian