MICHELE M. DESOER (SBN 119667)
 mdesoer@zuberlaw.com
JEFFREY J. ZUBER (SBN 220830)
 jzuber@zuberlaw.com
A. JAMES BOYAJIAN (SBN 275180)
 aboyajian@zuberlaw.com
**ZUBER LAWLER & DEL DUCA LLP**
777 S. Figueroa Street, 37th Floor
Los Angeles, California 90017
Telephone: (213) 596-5620
Facsimile:   (213) 596-5621

NATHANIEL L. FINTZ (*Pro Hac Vice*)
 nfintz@zuberlaw.com
**ZUBER LAWLER & DEL DUCA LLP**
One Penn Plaza, Suite 4430
New York, New York 10119
Telephone: (212) 899-9830

Attorneys for Plaintiff and
Counterclaim-Defendant Leadership Studies, Inc.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEADERSHIP STUDIES, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>BLANCHARD TRAINING AND DEVELOPMENT, INC., a California corporation, and Does 1-10, inclusive,<br><br>Defendants.<br><br>BLANCHARD TRAINING AND DEVELOPMENT, INCORPORATED,<br><br>Counterclaim-Plaintiff,<br><br>v.<br><br>LEADERSHIP STUDIES, INC.,<br><br>Counterclaim-Defendant. | CASE NO. 15CV1831 WQH-KSC<br><br>**REDACTED COPY OF DECLARATION OF NATHANIEL L. FINTZ IN SUPPORT OF JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE ON PLAINTIFF'S REQUESTS FOR PRODUCTION 73-78**<br><br>*No Oral Argument Unless Requested By The Court*<br><br>[Filed Under Seal and Concurrently with: Joint Motion for Determination of Discovery Dispute; Motion to File Documents Under Seal; and [Proposed] Order Granting Motion to File Documents Under Seal] |

Case No. 15CV1831 WQH-KSC

0811-1026 / 664135.1

DECLARATION OF NATHANIEL L. FINTZ IN SUPPORT OF JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE ON PLAINTIFF'S REQUESTS FOR PRODUCTION 73-78

# DECLARATION OF NATHANIEL L. FINTZ

I, Nathaniel L. Fintz, declare as follows:

1. I am an attorney duly admitted to practice before this Court *pro hac vice* (D.I. 64). I am an associate with Zuber Lawler & Del Duca LLP, attorneys of record for Plaintiff and Counterclaim-Defendant Leadership Studies, Inc. ("CLS"). I have personal knowledge of the facts stated herein, and if called to testify, I could competently do so.

2. Within the present Declaration, "CLS" shall mean Plaintiff and Counterclaim-Defendant Leadership Studies, Inc.

3. Within the present Declaration, "BTD" shall mean Defendant and Counterclaim-Plaintiff Blanchard Training and Development, Inc.

4. Within the present Declaration, "KF" shall mean third-party Korn/Ferry International, also known as Korn Ferry.

5. Within the present Declaration "RFP" shall mean "Request for Production."

6. CLS' and BTD's respective counsel have been meeting and conferring pursuant to the Federal Rules of Civil Procedure, Civil Local Rule 26.1, and Rule V(B) of the Rules of the Honorable Karen S. Crawford, U.S.M.J. ("Chambers' Rules").

7. In light of the different federal judicial districts where CLS' and BTD's respective counsel are located, CLS' and BTD's respective counsel have been conducting their meet-and-confer conferences via telephone, in compliance with Chambers' Rule V(B).

8. For efficiency purposes, most of the records and correspondence from the meet-and-confer efforts between CLS and KF have been omitted from the Joint Motion for Determination of Discovery Dispute on Plaintiff's Requests for Production 73-78. The meet-and-confer efforts between CLS and KF have included both telephone conferences and written correspondence.

0811-1026 / 664135.1

1   Case No. 15CV1831 WQH-KSC

DECLARATION OF NATHANIEL L. FINTZ IN SUPPORT OF JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE ON PLAINTIFF'S REQUESTS FOR PRODUCTION 73-78

## REQUESTS, RESPONSES, AND MEET-AND-CONFER EFFORTS

9. Attached hereto as **Exhibit 1** is a true and correct copy of CLS' First Document Subpoena to KF and its accompanying Schedule A (including Exhibit 1 to Schedule A), all served by CLS on July 29, 2016.

10. Attached hereto as **Exhibit 2** is a true and correct copy of CLS' RFPs 73-78, from within CLS' First Request for Production of Documents Propounded to BTD, served by CLS on August 8, 2016.

11. Attached hereto as **Exhibit 3** is a true and correct copy of BTD's General Response 4 as well as its Responses and Objections to CLS' RFPs 73-78, all from within BTD's Responses and Objections to CLS' First Set of RFPs, served by BTD on September 29, 2016.

12. Attached hereto as **Exhibit 4** is a true and correct copy of a letter from CLS to BTD, dated November 1, 2016.

13. Attached hereto as **Exhibit 5** is a true and correct copy of a letter from BTD to CLS, dated November 4, 2016.

14. Attached hereto as **Exhibit 6** is a true and correct copy of BTD's Amended Responses and Objections to CLS' RFPs 73-78, from within BTD's Amended Responses and Objections to several of CLS' First Set of RFPs, served by BTD on November 23, 2016.

15. Attached hereto as **Exhibit 7** is a true and correct copy of a letter from BTD to CLS, dated November 30, 2016.

16. Attached hereto as **Exhibit 8** is a true and correct copy of an email chain between counsel for CLS and BTD, respectively, between November 16, 2016 and November 30, 2016.

17. Attached hereto as **Exhibit 9** is a true and correct copy of an email chain between counsel for CLS and BTD, respectively, between November 1, 2016 and December 2, 2016.

18. Attached hereto as **Exhibit 10** is a true and correct copy of a letter from CLS to BTD, dated December 27, 2016.

19. Attached hereto as **Exhibit 11** is a true and correct copy of a letter from BTD to CLS, dated December 28, 2016.

20. Attached hereto as **Exhibit 12** is a true and correct copy of a letter from CLS to BTD, dated December 30, 2016.

21. Attached hereto as **Exhibit 13** is a true and correct copy of a letter from CLS to BTD, dated January 5, 2017.

22. Attached hereto as **Exhibit 14** is a true and correct copy of an email chain between counsel for CLS and BTD, respectively, between January 11, 2017 and January 12, 2017.

23. Attached hereto as **Exhibit 15** is a true and correct copy of KF's Objections to CLS' Subpoena to Produce Documents, served by KF on January 13, 2017.

24. Attached hereto as **Exhibit 16** is a true and correct copy of an email chain between counsel for CLS and BTD, respectively, between March 6, 2017 and March 9, 2017.

25. Attached hereto as **Exhibit 17** is a true and correct copy of a letter from CLS to KF (including the original attachment to that letter—namely, a copy of the Proposed Amended Stipulated Protective Order that was emailed on March 10, 2017 to the Hon. Karen S. Crawford, U.S.M.J.), dated March 10, 2017.

26. Attached hereto as **Exhibit 18** is a true and correct copy of a letter from BTD to CLS, dated March 13, 2017.

27. Attached hereto as **Exhibit 19** is a true and correct copy of a letter from CLS to BTD, dated March 15, 2017.

28. Attached hereto as **Exhibit 20** is a true and correct copy of an email chain between counsel for CLS and BTD, respectively, between January 6, 2017 and March 24, 2017.

29. Attached hereto as **Exhibit 21** is a true and correct copy of a letter from BTD to CLS, dated March 27, 2017.

30. Attached hereto as **Exhibit 22** is a true and correct copy of the privilege log that BTD produced to CLS on March 27, 2017.

31. Attached hereto as **Exhibit 23** is a true and correct copy of BTD's Response and Objections to CLS' Request for Admission 42, from within BTD's Responses and Objections to CLS' Third Set of Requests for Admission, served by BTD on March 30, 2017.

32. Attached hereto as **Exhibit 24** is a true and correct copy of a letter from CLS to BTD, dated March 31, 2017.

33. Attached hereto as **Exhibit 25** is a true and correct copy of an email chain between counsel for CLS and BTD, respectively, between January 6, 2017 and March 31, 2017.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 10th day of April, 2017, at New York, New York.

_Nathaniel Fintz_
Nathaniel L. Fintz

0811-1026 / 664135.1

4                                                   Case No. 15CV1831 WQH-KSC
DECLARATION OF NATHANIEL L. FINTZ IN SUPPORT OF JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE ON PLAINTIFF'S REQUESTS FOR PRODUCTION 73-78