FILED

SEP 25 2017

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                    DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEADERSHIP STUDIES, INC., | CASE NO. 15-cv-1831-WQH-KSC |
| Plaintiff, | **ORDER** |
| v. | |
| BLANCHARD TRAINING AND DEVELOPMENT, INCORPORATED, AND DOES 1-10, INCLUSIVE, | |
| Defendants. | |
| BLANCHARD TRAINING AND DEVELOPMENT, INCORPORATED, | |
| Counterclaim-Plaintiff, | |
| v. | |
| LEADERSHIP STUDIES, INC., | |
| Counterclaim-Defendant. | |

HAYES, Judge:

The matter before the Court is the Motion for Summary Judgment on Claim Seven filed by Defendant and Counterclaim-Plaintiff Blanchard Training and Development, Inc. (ECF No. 42).

**I. Background**

On August 17, 2015, Leadership Studies, Inc. ("Leadership") filed a Complaint

- 1 -                                    15-cv-1831-WQH-KSC

in this Court against Blanchard Training and Development, Incorporated ("Blanchard Inc."). (ECF No. 1). On November 7, 2016, Leadership filed a Third Amended Complaint (the "TAC") containing nine claims for relief. (ECF No. 49). The TAC is the operative complaint in this matter. The allegations in the TAC generally arise from a dispute related to Blanchard Inc.'s alleged use of intellectual property allegedly owned by Leadership. Leadership's seventh cause of action is for "Copyright Infringement Under 17 U.S.C.A. §§501, *et seq*. Against Blanchard [Inc]." (ECF No. 49 at 21).

On March 29, 2017, Blanchard Inc. filed a Motion for Summary Judgment on Claim 7 for Copyright Infringement Based on Ownership and Chain-of-Title (the "Motion for Summary Judgment"). (ECF No. 63). Blanchard Inc. moves this Court to "grant summary judgment in its favor on [Leadership's] Seventh Cause of Action for Copyright Infringement on the narrow issue of gaps in [Leadership's] chain-of-title."[1] *Id.* at 2. Blanchard Inc. contends that it is entitled to summary judgment on Leadership's copyright infringement claim because Leadership "is unable to prove a chain-of-title for the works now asserted in its copyright claim." (ECF No. 63-1 at 5).

On April 17, 2017, Leadership filed an Opposition to the Motion for Summary Judgment. (ECF No. 66). Leadership contends that summary judgment should not be granted because (1) there is sufficient evidence that Leadership owns the works mentioned in the Motion for Summary Judgment, *Id.* at 23, and (2) Leadership has clear chain-of-title to an infringed-upon work that was not discussed in the Motion for Summary Judgment. *Id.* at 18.

On April 24, 2017, Blanchard Inc. filed a Reply in support of the Motion for Summary Judgment renewing its contentions in the Motion for Summary Judgment. ECF No. 76.

---

[1] To the extent Blanchard contends that this Court should grant summary judgment for any reason other than "gaps in [Leadership's] chain-of-title," (ECF No. 63 at 2), the Court declines to address those contentions as not properly raised in Blanchard's Motion for Summary Judgment.

## II. Facts

Paul Hersey and Ken Blanchard worked together at Ohio University in the 1960s. (ECF No. 66-5, Response to Statement of Undisputed Material Facts ("RSUMF"), at ¶ 4). Dr. Hersey and Dr. Blanchard both worked on "a theory concerning a methodology for leaders to influence others based on their readiness for a particular task, which came to be known as 'Situational Leadership.'" *Id.* at ¶ 5. Dr. Hersey and Dr. Blanchard co-authored numerous literary works on the topic, *Id.* at ¶ 6., including:

1. *Leader Behavior*, © 1967 Management Education & Development, Inc.; *Id.* at ¶ 30;
2. "Life Cycle Theory of Leadership," *Training and Development Journal*, © 1969 American Society for Training and Development; *Id.* at ¶ 31;
3. "Leadership Effectiveness and Adaptability Description," © 1973 Paul Hersey and Kenneth H. Blanchard; *Id.* at ¶ 11; and
4. *Management of Organizational Behavior*, 3rd ed., © 1977 Prentice-Hall, Inc.; *Id.* at ¶ 9.

Dr. Hersey also wrote his own works on the topic, including his 1975 Doctoral Dissertation for the University of Massachusetts, Amherst, (ECF No. 66 at 9), and a 1984 book titled *The Situational Leader*. RSUMF at ¶ 33.

In 1976, Dr. Hersey incorporated Management Education & Development, Inc. ("MED"). *Id.* at ¶ 12. In 1979, Dr. Hersey incorporated another company, Leadership Studies Productions, Inc., which changed its name to Leadership Studies in July 1985. RSUMF at ¶ 15. In September 1985, MED and Leadership Studies entered into an "Agreement of Merger" under which MED merged into Leadership Studies and Leadership Studies "succeed[ed], without other transfers, to all the rights and property of [MED]." (ECF No. 63-10 at 12). In 2009, Leadership Studies changed its name to Leadership Studies, Inc. RSUMF at ¶ 15. Leadership Studies, Inc. ("Leadership") is

1 | the Plaintiff and Counter-Defendant in this action.

2 | In 1978, Dr. Blanchard incorporated Blanchard Inc. to "provide management training . . . [using] the concepts that he had worked on with Dr. Hersey." (ECF No. 63-1 at 7 (alteration in original)).

### III. Legal Standard for Summary Judgment

"A party may move for summary judgment, identifying each claim or defense–or the part of each claim or defense–on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). The materiality of a fact is determined by the substantive law governing the claim or defense. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986).

The moving party has the initial burden of demonstrating that summary judgment is proper. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 153 (1970). The burden then shifts to the opposing party to provide admissible evidence beyond the pleadings to show that summary judgment is not appropriate. *See Anderson*, 477 U.S. at 256; *Celotex*, 477 U.S. at 322, 324. The opposing party's evidence is to be believed, and all justifiable inferences are to be drawn in its favor. *See Anderson*, 477 U.S. at 255. To avoid summary judgment, the opposing party cannot rest solely on conclusory allegations of fact or law. *See Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986). Instead, the nonmovant must designate which specific facts show that there is a genuine issue for trial. *See Anderson*, 477 U.S. at 256.

### IV. Discussion

To state a claim for copyright infringement, a plaintiff must allege: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work

1 | that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).
2 | "A transfer of copyright ownership, other than by operation of law, is not valid unless
3 | an instrument of conveyance, or a note or memorandum of the transfer, is in writing
4 | and signed by the owner of the rights conveyed or such owner's duly authorized agent."
5 | 17 U.S.C. § 204(a); *see also Radio Television Espanola S.A. v. New World Entm't, Ltd.*,
6 | 183 F.3d 922, 929 (9th Cir. 1999) ("Section 204(a) has a simple requirement . . . put
7 | it in writing.").

Leadership bases its claim for copyright infringement in the TAC on "original elements" contained in the following five literary works:

1. "Leadership Effectiveness and Adaptability Description,"
2. "Life Cycle Theory of Leadership," *Training and Development Journal*, May 1969,
3. *Management of Organizational Behavior* (3rd ed.),
4. *Leader Behavior*, and
5. *The Situational Leader*.

(ECF No. 63-1 at 9-10).

### A. "Leadership Effectiveness and Adaptability Description"

Leadership stated in its Response to the Motion for Summary Judgment that it is "no longer pursu[ing 'Leadership Effectiveness and Adaptability Description'] in its copyright claim." (ECF No. 66 at 23).

### B. "Life Cycle Theory of Leadership" and *Management of Organizational Behavior* (3rd ed.)

Blanchard Inc. contends that the undisputed facts show that Leadership does not own the copyrights for "Life Cycle Theory of Leadership" and *Management of Organizational Behavior* (3rd ed.) because Leadership was never an owner of the copyright for these works and "has not and cannot show . . . assignments from the copyright owners." (ECF No. 63-1 at 17-18). Leadership contends that Blanchard Inc. has not carried its burden to show that Leadership does not own the copyrights to these

works in light of (1) a 1992 letter from Dr. Blanchard to Dr. Hersey, (2) a licensing agreement between Leadership and Blanchard Inc., and (3) a licensing agreements between Leadership and Pearson Education. (ECF No. 66 at 24-27). Blanchard Inc. contends that these documents do not "specifically identify copyrights allegedly acquired in a writing signed by" the original owners of the copyrights. (ECF No. 76 at 9).

"Pre-1976 copyright law recognized a freelance author's copyright in a published article only when the article was printed with a copyright notice in the author's name." *New York Times Co., Inc. v. Tasini*, 533 U.S. 483, 494 (2001). "Life Cycle Theory of Leadership" was included in the May 1969 issue of the *Training and Development Journal*, which contained the copyright notice "Copyright 1969 American Society for Training and Development, Inc." RSUMF at ¶ 31. There is no evidence in the record that "Life Cycle Theory of Leadership" was printed with a copyright notice in the authors' names. The evidence in the record establishes that the American Society for Training and Development, Inc. (the "ASTD") initially owned the copyright for "Life Cycle Theory of Leadership."

There is no evidence in the record of an "instrument of conveyance, or a note or memorandum of the transfer" of the copyright for "Life Cycle Theory of Leadership" "in writing and signed by" the ASTD.[2] 17 U.S.C. § 204(a). Leadership contends that a letter from Dr. Blanchard to Dr. Hersey and licensing agreements between Leadership and Blanchard Inc. and Leadership and Pearson Education provide sufficient written evidence that this copyright was transferred to Leadership. (ECF No. 66 at 24-27). However, none of those documents are signed by ASTD.

The original copyright claimant for *Management of Organizational Behavior* (3rd

---

[2] Even if the copyright notice for the May 1969 issue of the *Training and Development Journal* did not result in the ASTD owning the copyright for "Life Cycle Theory of Leadership," and it belonged to Dr. Hersey and Dr. Blanchard, the undisputed evidence still establishes that Leadership does not own the copyright because there is no evidence of a written assignment of that copyright signed by Dr. Hersey or Dr. Blanchard.

ed.) was Prentice-Hall, Inc. RSUMF at ¶ 9. The renewal owners for the current renewal registration, which occurred in 2005 pursuant to 17 U.S.C. 304(a), are Dr. Hersey and Dr. Blanchard. *Id.* There is no evidence in the record of an "instrument of conveyance, or a note or memorandum of the transfer" of the copyright for *Management of Organizational Behavior* (3rd ed.) "in writing and signed by" Prentice-Hall, Inc. or Dr. Hersey. 17 U.S.C. § 204(a). The letter from Dr. Blanchard to Dr. Hersey, which was written in 1992, is not evidence that Dr. Blanchard transferred his copyright for this work as Dr. Blanchard did not own the copyright until 2005.

Blanchard Inc. is entitled to summary judgment on Leadership's copyright infringement claims based on "Life Cycle Theory of Leadership" and *Management of Organizational Behavior* (3rd ed.) because the undisputed facts in the record show that Leadership does not own the copyrights for those works.

### C. *Leader Behavior* and *The Situational Leader*

Blanchard Inc. contends that Leadership's copyright claim based on *Leader Behavior* fails because the model it contains "has little (if any) originality in expression in view of the earlier . . . models." *Id.* at 16-17. Blanchard Inc. contends that Leadership's copyright claim based on *The Situational Leader* "must fail due to chain of title problems and the fact that [Leadership] does not own the original elements: . . . The copyright in [*The Situational Leader*] did not provide [Dr. Hersey] or [Leadership] (as copyright claimant) exclusive rights to preexisting materials . . . incorporated within the diagram." (ECF No. 63-1 at 20). Leadership contends that its copyright claim based on *Leader Behavior* should survive Blanchard Inc.'s Motion for Summary Judgment on the issue of Leadership's chain-of-title because Blanchard Inc. "does not dispute chain of title to this work." (ECF No. 66 at 24).

Blanchard Inc. has not carried its burden of demonstrating that it is entitled to summary judgment on the grounds that Leadership cannot show chain of title to the copyrights for *Leader Behavior* and *The Situational Leader*. Blanchard Inc. has provided no evidence establishing the owner of the copyrights for *Leader Behavior* or

*The Situational Leader*. *Compare* ECF No. 63-1 at 18 and 19 (pointing to evidence that establishes the owner of the copyright for "Life Cycle Theory of Leadership" and *Management of Organizational Behavior* (3rd ed.)) *with* ECF No. 63-1 at 17 and 20 (pointing to no evidence concerning the ownership of the copyrights for *Leader Behavior* and *The Situational Leader*).

While Blanchard Inc. takes issue with the originality of certain material in *Leader Behavior* and *The Situational Leader*; *see id.* at 17 (contending that a figure in *Leader Behavior* "has little (if any) originality in expression" ); *id.* at 19 (contending that Leadership "does not own the original elements" of a figure in *The Situational Leader*, not that Leadership does not own the copyright to the work); Blanchard Inc.'s motion for summary judgment was "on the narrow issue of gaps in [Leadership's] chain-of-title." ECF No. 63. As a result, arguments concerning the originality of *Leader Behavior* and *The Situational Leader* are irrelevant.

### D. The Dissertation.

In its Response to the Motion for Summary Judgment, Leadership contends that this Court should not grant summary judgment because Leadership has clear chain-of-title to Dr. Hersey's Doctoral Dissertation (the "Dissertation"). (ECF No. 66 at 18). Blanchard Inc. contends that Leadership cannot rely on the Dissertation to defeat the Motion for Summary Judgment because "there was no mention of [the Dissertation] in any of [Leadership's] four complaints or in any of [Leadership's] interrogatory responses." (ECF No. 76 at 6). Blanchard Inc. contends that, in order to bring a claim for copyright infringement based on material contained in a work, a plaintiff must at least identify the work that contains the material. *Id.* at 13. Blanchard Inc. contends that allowing Leadership to rely on the Dissertation would effectively permit "an improper backdoor amendment to the Third Amended Complaint." *Id.* at 8.

"A properly plead copyright infringement claim must allege 1) which specific original works are the subject of the copyright claim . . . ." *Proline Concrete Tools, Inc. v. Dennis*, No. 07-CV-2310-LAB-AJB (S.D. Cal. Aug 18, 2008) (quoting *Kelly v. L.L.*

1  *Cool J.*, 145 F.R.D. 32, 36 (S.D.N.Y. 1992)). "[S]ummary judgment is not a procedural
2  second chance to flesh out inadequate pleadings." *Wasco Prod., Inc. v. Southwall
3  Techs., Inc.*, 435 F.3d 989, 992 (9th Cir. 2006) (quoting *Fleming v. Lind-Waldock &
4  Co.*, 922 F.2d 20, 24 (1st Cir. 1990)). Leadership did not identify the Dissertation as
5  a subject of its copyright claim in the TAC. *See* ECF No. 49 at 29-32. Therefore,
6  Leadership cannot rely on the Dissertation to support its copyright infringement claim
7  or to defeat Blanchard Inc.'s Motion for Summary Judgment.

### E. Blanchard Inc.'s Request for Attorney's Fees

The Copyright Act authorizes courts to "award a reasonable attorney's fee to the prevailing party." 17 U.S.C. § 505. Blanchard Inc.'s Motion for Summary Judgment is denied in part. *See infra* Part VI. Therefore, Blanchard Inc. is not entitled to attorney's fees under 17 U.S.C. § 505.

### F. Leadership's Request for Sanctions

Leadership requested that this Court sanction Blanchard Inc. for addressing its Motion for Summary Judgment to the works mentioned in the TAC, rather than the Dissertation. Because Blanchard Inc. properly addressed the allegations in the TAC, Leadership's request for sanctions is without merit.

## V. Conclusion

IT IS HEREBY ORDERED that Blanchard Inc.'s Motion for Summary Judgment (ECF No. 63) is GRANTED as to the claims for relief in Leadership's seventh cause of action based on original material contained in "Leadership Effectiveness and Adaptability Description," "Life Cycle Theory of Leadership," *Management of Organizational Behavior* (3rd ed.), and the Dissertation and DENIED as to Leadership's claims based on original material contained in *Leader Behavior* and *The Situational Leader*.

DATED: 9/15/17

**WILLIAM Q. HAYES**
United States District Judge