MICHELE M. DESOER (SBN 119667)
 *mdesoer@zuberlaw.com*
JEFFREY J. ZUBER (SBN 220830)
 *jzuber@zuberlaw.com*
A. JAMES BOYAJIAN (SBN 275180)
 *aboyajian@zuberlaw.com*
**ZUBER LAWLER & DEL DUCA LLP**
777 S. Figueroa Street, 37th Floor
Los Angeles, California  90017
Telephone: (213) 5965620
Facsimile:  (213) 5965621

Attorneys for Plaintiff and
Counterclaim-Defendant Leadership Studies, Inc.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEADERSHIP STUDIES, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>BLANCHARD TRAINING AND DEVELOPMENT, INC., a California corporation, and Does 1-10, inclusive,<br><br>Defendants. | CASE NO. 15CV1831 WQH-KSC<br><br>**RESPONSE TO STATEMENT OF UNDISPUTED MATERIAL FACTS AND ADDITIONAL STATEMENT OF UNDISPUTED AND DISPUTED MATERIAL FACTS IN SUPPORT OF LEADERSHIP STUDIES' OPPOSITION TO BLANCHARD TRAINING'S MOTION FOR SUMMARY JUDGMENT ON CLAIM 7 FOR COPYRIGHT INFRINGEMENT BASED ON OWNERSHIP AND CHAIN-OF-TITLE**<br><br>**[Filed Concurrently with Opposition to Motion for Summary Judgment]**<br><br>Date:   May 22, 2017<br>Judge:  Hon. William Q. Hayes<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** |
| BLANCHARD TRAINING AND DEVELOPMENT, INCORPORATED,<br><br>Counterclaim-Plaintiff,<br><br>v.<br><br>LEADERSHIP STUDIES, INC.,<br><br>Counterclaim-Defendant. | |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

0811-1026 / 704777.1

### RESPONSE TO MOVING PARTY'S STATEMENT OF UNDISPUTED MATERIAL FACTS

## I.  EARLY HISTORY BEFORE THE 1982 LAWSUIT

| Moving Party's Undisputed Material Facts | Supporting Evidence | Responding Party |
|---|---|---|
| **1.**  Dr. Blanchard and Dr. Hersey collaborated and worked together to develop "a theory concerning a methodology for leaders to influence others based on their readiness for a particular task" which was named "Situational Leadership." | Third Amended Complaint ("TAC") ¶¶ 8-9. | Disputed in that this statement does not accurately state the allegations from the supporting evidence given in TAC ¶¶ 8-9 [D.E. 49]; those allegations state as follows: "8. The founder of Leadership Studies, Dr. Hersey, developed a theory concerning a methodology for leaders to influence others based on their readiness for a particular task, which came to be known as "Situational Leadership."  Dr. Ken Blanchard worked with Dr. Hersey as Dr. Hersey developed his theory."  Situational Leadership theory and model was initially and primarily the brainchild of Dr. Hersey as evidenced by both the title of Dr. Hersey's dissertation, which Dr. Kenneth Blanchard signed as the chairman, and the language of the definitive agreement between the parties: 1987 License by the parties. Declaration of Maureen Shriver ("Shriver Decl.") at ¶¶ 3-4 Dr. Kenneth Blanchard worked, and was associated, with Dr. Hersey in several capacities over the years, including as a student, a colleague, and a business partner, long before later developing, through his company Blanchard Training, a derivative theory and methodology called "Situational Leadership® II."  Shriver Decl. at ¶¶ 5, 8. |

Case No. 15CV1831 WQH-KSC

0811-1026 / 704777.1

| Moving Party's Undisputed Material Facts | Supporting Evidence | Responding Party |
|---|---|---|
| **2.** In 1979, Dr. Hersey incorporated Leadership Studies Productions, Inc. ("Leadership Studies Productions") Leadership Studies Productions is the same entity as the plaintiff Leadership Studies, Inc. There was only a name change:<br><br>Leadership Studies Productions, Inc. was incorporated in 1979 as the California-based production arm of Management Education & Development, Inc., an Ohio entity incorporated March 22, 1976. On July 15, 1985, Leadership Studies Productions, Inc., a California corporation, officially changed its name to "Leadership Studies." In the month of September 1985, Management Education & Development, Inc. merged into Leadership Studies being the sole surviving entity of the merger. On June 26, 2009, as Leadership Studies officially changed its name to "Leadership Studies, Inc." | Plaintiff and Cross-Defendant Leadership Studies, Inc.'s responses to Second Set of Interrogatories Propounded by Defendant and Counterclaim-Plaintiff Blanchard Training and Development, Incorporated ("1/11/17 Rog. Resp."). Response to Interrogatory No. 19. Declaration of John Paul Oleksiuk, Esq. ("Oleksiuk, Decl."), Ex. A at 8-9. | Undisputed that the California corporation formerly named "Leadership Studies Productions, Inc." is technically the same corporate entity as today's "Leadership Studies, Inc.," but disputed to the extent this ignores the fact that this California corporation, as it exists today, is the product of a merger dated September 30, 1985 that combined two separate corporations: Management Training and Development, Inc. ("MED") and Leadership Studies Productions, Inc. which had recently been renamed "Leadership Studies." In other words, the surviving corporation was one of two Zuber Decl. ¶¶ 15-21. |

0811-1026 / 704777.1

| | Moving Party's Undisputed Material Facts | Supporting Evidence | Responding Party |
|---|---|---|---|
| | **3.** In October 1978, Dr. Blanchard incorporated Blanchard Training. | Declaration of Dr. Kenneth H. Blanchard ("Blanchard Decl.") at ¶ 1.<br><br>California Secretary of State Records, Business Entity Detail for Blanchard Training and Development, Incorporated, available at https://business search.sos.ca.g ov/, as well as filed-stamped public record articles of incorporation. Oleksiuk Decl. Ex. B at 23, 25. | Undisputed. |
| | **4.** "Dr. Blanchard decided he wanted to branch out on his own and provide management training through his company, Blanchard Training, [using] the concepts that he had worked on with Dr. Hersey." | TAC ¶ 14. | Undisputed, except that in 1981, Blanchard Training left the Center for Leadership Studies partnership, which paid him $30,000 for its partnership interest minus certain expenses and "1981-82 license fees." *See* Shriver Decl. at ¶ 8-9 and Exh. 4. |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

RESPONSE TO SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS RE: LEADERSHIP STUDIES'
OPPOSITION TO BLANCHARD TRAINING'S MOTION FOR SUMMARY JUDGMENT ON CLAIM 7 FOR
COPYRIGHT INFRINGEMENT BASED ON OWNERSHIP AND CHAIN-OF-TITLE

0811-1026 / 704777.1

## II.   THE 1982 LAWSUIT AND RESOLUTION

| Moving Party's Undisputed Material Facts | Supporting Evidence | Responding Party |
|---|---|---|
| **5.**   On May 14, 1982, Leadership Studies Productions sued Blanchard Training and its founder Dr. Kenneth Blanchard in the United States District Court for the Southern District of California, Case No. 82-0601-M(M) ("1982 Trademark Infringement Litigation"). | Pleadings for *Leadership Studies Productions, Inc. v. Blanchard Training and Development, Inc. and Kenneth H. Blanchard*, United States District Court for the Southern District of California, Case No. 82-0601-M(M), BLANCHARD 0025292-25339. Oleksiuk Decl. Ex. C at 29. | Undisputed, except that the case number appears as "82-0601-N(M)," not 82-0601-M(M). |

RESPONSE TO SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS RE: LEADERSHIP STUDIES' OPPOSITION TO BLANCHARD TRAINING'S MOTION FOR SUMMARY JUDGMENT ON CLAIM 7 FOR COPYRIGHT INFRINGEMENT BASED ON OWNERSHIP AND CHAIN-OF-TITLE

0811-1026 / 704777.1

| Moving Party's Undisputed Material Facts | Supporting Evidence | Responding Party |
|---|---|---|
| **6.** Following the initiation of the 1982 Trademark Infringement Litigation, Leadership Studies Production, Blanchard Training, and Dr. Blanchard reached an agreement resolving the litigation. The settlement was documented in a 1982 "Letter Agreement" signed on behalf of Leadership Studies Production by John Myers.<br><br>The Agreement states in part:<br><br>*We further agree not to pursue violation of trademark action now or in the future as it refers to Situational Leadership.* | June 1982 Letter Agreement between Plaintiff on the one hand, and Dr. Kenneth H. Blanchard and Blanchard Training and Development, Incorporated on the other hand. BLANCHARD 0000460. Oleksiuk Decl. Ex. D at 77.<br><br>Blanchard Decl. at ¶¶ 2-3. | Undisputed that the named parties reached an agreement resolving the litigation and that the 1982 agreement states in part:<br><br>*We further agree not to pursue violation of trademark action now or in the future as it refers to Situational Leadership.*,<br><br>but disputed because (1) this 1982 Agreement was meant to be limited to the 1982 Trademark Infringement Litigation action rather than any and all trademark claims involving the trademark "Situational Leadership"; and (2) this Agreement was not meant to be final between the parties. *See* Declaration of John Myers ("Myers Decl.") ¶¶ 8-9. |

0811-1026 / 704777.1

| Moving Party's Undisputed Material Facts | Supporting Evidence | Responding Party |
|---|---|---|
| **7.** The document in Oleksiuk Decl. Ex. D Bates numbered BLANCHARD0000460, is a true and correct copy of the genuine original. | Plaintiff and Cross-Defendant Leadership Studies, Inc.'s Amended Response to Third Set of Requests for Admission Propounded by Defendant and Counterclaim Plaintiff Blanchard Training and Development, Incorporated dated February 6, 2017. Response to Request for Admission No. 19. Oleksiuk Decl. Ex. E at 82. Blanchard Dec. at ¶ 2. | Undisputed. |

0811-1026 / 704777.1

| Moving Party's Undisputed Material Facts | Supporting Evidence | Responding Party |
|---|---|---|
| **8.** John Myers had the authority to sign the document Bates stamped BLANCHARD0000460 on behalf of Leadership Studies Productions, Inc. | Plaintiff and Cross-Defendant Leadership Studies, Inc.'s Amended Response to Third Set of Requests for Admission Propounded By Defendant and Counterclaim Plaintiff Blanchard Training and Development, Incorporated dated February 6, 2017. Response to Request for Admission No. 21. Oleksiuk Decl. Ex. E at 83. | Undisputed. |

RESPONSE TO SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS RE: LEADERSHIP STUDIES'
OPPOSITION TO BLANCHARD TRAINING'S MOTION FOR SUMMARY JUDGMENT ON CLAIM 7 FOR
COPYRIGHT INFRINGEMENT BASED ON OWNERSHIP AND CHAIN-OF-TITLE

0811-1026 / 704777.1

| Moving Party's Undisputed Material Facts | Supporting Evidence | Responding Party |
|---|---|---|
| **9.** The purpose of the June 1982 Letter Agreement was to resolve a litigation commenced by Leadership Studies Productions, Inc. Under the June 1982 Letter Agreement, Blanchard Training and Dr. Blanchard agreed not to violate the non-competition clause contained in the agreement between Leadership Studies Productions and Video University in exchange for a promise that Dr. Paul Hersey's company Leadership Studies Productions, Inc. would not pursue the pending lawsuit or another trademark action against Blanchard Training and Dr. Blanchard in the future regarding Situational Leadership. | June 1982 Letter Agreement between Plaintiff on the one hand, and Dr. Kenneth H. Blanchard and Blanchard Training and Development, Incorporated on the other hand. BLANCHARD 0000460. Oleksiuk Decl. Ex. D at 77. Blanchard Decl. at ¶ 3. | Undisputed that the 1982 Letter Agreement was intended to resolve the 1982 litigation, but disputed that the promise was "Leadership Studies Productions, Inc. would not pursue the pending lawsuit or another trademark action against Blanchard Training and Dr. Blanchard in the future regarding Situational Leadership." The relevant sentence in the 1982 Letter Agreement states, ""We [LSP] further agree not to pursue violation of trademark action now or in the future as it refers to Situational Leadership." John Myers, who signed the 1982 Letter Agreement, understood this statement to be limited to bringing a "trademark action now or in the future" relating to the dispute concerning contracts with Video University. Myers Decl. ¶¶ 8-10. Further, a broader interpretation of that sentence to serve as a release of any and all future or unknown claims in eternity would make it void as a general release in violation of public policy and Cal. Civ. Code § 1542. |

0811-1026 / 704777.1

| Moving Party's Undisputed Material Facts | Supporting Evidence | Responding Party |
|---|---|---|
| **10.** Blanchard Training and Dr. Blanchard honored their commitment under the June 1982 Letter Agreement. Neither Blanchard Training nor Dr. Blanchard violated the non-competition clause in any agreement between Leadership Studies Productions and Video University. | Blanchard Decl. at ¶ 3. | Undisputed that Blanchard Training and Dr. Blanchard did not breach the non-competition clause in the June 1982 Letter Agreement, but disputed because Blanchard Training and Dr. Blanchard are attempting in bad faith to expand the scope of the limited June 1982 Letter Agreement to apply to actions that accrued after the signing of that agreement. [D.E. 49] |

0811-1026 / 704777.1

## III.    THE 1987 AGREEMENT

| Moving Party's Undisputed Material Facts | Supporting Evidence | Responding Party's Response |
|---|---|---|
| **11.** On May 18, 1984, Ken Blanchard wrote to Paul Hersey's brother Ralph Hersey, referring to the June 1982 Letter Agreement and raising the possibility of cooperating with an additional agreement between Dr. Blanchard and Dr. Hersey's companies in order to better "prevent the use of the words or symbol of Situational Leadership" by third parties. | BLANCHARD 0000477. Oleksiuk Decl. Ex. F at 86.<br><br>Blanchard Decl. at ¶ 5. | Undisputed that "On May 18, 1984, Ken Blanchard wrote to Paul Hersey's brother Ralph Hersey, referring to the June 1982 Letter Agreement and raising the possibility of cooperating . . . to better 'prevent the use of the words or symbol of Situational Leadership' by third parties." but disputed that the agreement proposed would be "additional" rather than superseding the 1982 Agreement. The 1987 License was a settlement to resolve a dispute over the trademark. If Dr. Blanchard believed the 1982 Agreement provided full legal protection for BTD to use "Leadership Studies" any way it wanted, even in totally confusing, unfairly competitive, and criminal ways, without any risk of legal action by the owner of the trademark, then there would be no logical reason for him to ask for the drafting of and "additional" agreement; rather, he was artfully attempting to renegotiate the 1982 Agreement. Shriver Decl. ¶¶ 23-24; Desoer Decl. ¶ 13-14. |

0811-1026 / 704777.1

| Moving Party's Undisputed Material Facts | Supporting Evidence | Responding Party's Response |
|---|---|---|
| **12.** In 1987, the two companies, while both represented by counsel, entered a second agreement which provided Blanchard Training with a perpetual, royalty free license to use "Situational Leadership" (the "1987 Agreement"). | TAC ¶ 164. See 1987 Agreement, BLANCHARD 0000496-500. Oleksiuk Decl. Ex. G at 88-92. Blanchard Decl. at ¶¶ 7. | Undisputed, except disputed to the extent that the 1987 License superseded the 1982 Agreement. If Ken Blanchard and his Blanchard Training truly believed they could never get sued based on the 1982 Letter Agreement, then there would be no reason for them to negotiate a new or different agreement related to the same trademark. Shriver Decl. ¶¶ 23-24; Desoer Decl. ¶ 13-14. |

Case No. 15CV1831 WQH-KSC
RESPONSE TO SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS RE: LEADERSHIP STUDIES'
OPPOSITION TO BLANCHARD TRAINING'S MOTION FOR SUMMARY JUDGMENT ON CLAIM 7 FOR
COPYRIGHT INFRINGEMENT BASED ON OWNERSHIP AND CHAIN-OF-TITLE

0811-1026 / 704777.1

| Moving Party's Undisputed Material Facts | Supporting Evidence | Responding Party's Response |
|---|---|---|
| **13.** The 1987 Agreement is a separate agreement from the June 1982 Letter Agreement and did not replace or modify the June 1982 Letter Agreement. The 1987 Agreement does not contain an integration clause, nor does it refer to the June 1982 Letter Agreement. | See 1987 Agreement, BLANCHARD 0000496-500 Oleksiuk Decl. Ex. G at 88-92.<br><br>Blanchard Decl. at ¶ 7. | Disputed.<br><br>First, disputed that this is not a fact but a legal argument.<br><br>Second, even if it were a matter of fact, the 1987 License was meant to and did replace, modify, and supersede the 1982 Letter Agreement. As a result, the 1982 Agreement is irrelevant.<br><br>Undisputed that "The 1987 Agreement does not contain an integration clause, nor does it refer to the June 1982 Letter Agreement," but disputed that this is relevant since the 1982 Letter Agreement was either limited to claims relating to the Video University (as interpreted by John Myers; *see* Myers Decl. ¶ 8), was an overly broad release of any and all future claims, whether known or unknown (as only recently claimed in this lawsuit) in violation of public policy and Cal. Civ. Code § 1542, and in any event was superseded by the 1987 License which determined and was at all times since 1987 consistently treated by the parties as the ONLY agreement relating to ownership and use of the Mark in the United States. *See* Shriver Decl. ¶¶ 25-33; Desoer Decl. ¶¶ 13-29, 31. |

0811-1026 / 704777.1

| Moving Party's Undisputed Material Facts | Supporting Evidence | Responding Party's Response |
|---|---|---|
| **14.** Leadership Studies has not sued Blanchard Training for trademark infringement since the June 1982 Letter Agreement was entered into, until the present lawsuit was filed in 2015. | Blanchard Dec. at ¶ 4. | Undisputed that Leadership Studies has not actually sued Blanchard Training since the 1982 Letter Agreement until the filing of the present lawsuit, but disputed because Leadership Studies' predecessors in interest, MED and LSP, threatened to sue Blanchard Training in 1985 for trademark infringement of the "Situational Leadership" mark and yet Blanchard Training didn't raise the availability of the June 1982 Letter Agreement as a bar to such suit.  Shriver Decl. ¶¶ 18-22.  Blanchard Training further took part in negotiations of a "Mutual Covenant Not to Sue" which had a "Settlement Agreement" attached as its Exhibit A and which was ultimately negotiated into a settlement agreement that came to be known as the 1987 License Agreement between the parties. Shriver Decl. ¶¶ 18, 23; Desoer Decl. ¶¶ 7-11. |

## RESPONDING PARTY'S STATEMENT OF ADDITIONAL UNDISPUTED MATERIAL FACTS

RESPONSE TO SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS RE: LEADERSHIP STUDIES'
OPPOSITION TO BLANCHARD TRAINING'S MOTION FOR SUMMARY JUDGMENT ON CLAIM 7 FOR
COPYRIGHT INFRINGEMENT BASED ON OWNERSHIP AND CHAIN-OF-TITLE

0811-1026 / 704777.1

| Responding Party's Undisputed Material Facts | Supporting Evidence | Moving Party's Reply |
|---|---|---|
| **15.** Dr. Paul Hersey, Maureen Shriver's late father, always did business as The Center for Leadership Studies ("The Center"). In 1985, he merged the two companies he founded: Management Education and Development, Inc. ("MED") and Leadership Studies Productions, Inc. ("LSP"). I was unaware at the time, but MED merged into LSP just before LSP changed its name to Leadership Studies. | Exh. 7, 22, 43, 55; Shriver Decl. ¶ 2. | |
| **16.** The "Situational Leadership®" trademark (the "Mark") was important to Dr. Hersey as it represented his theory and model, and was prominent in the title of his December 1975 doctoral dissertation. It was the first time the term "Situational Leadership" had been used. Dr. Hersey and Ken Blanchard used the Mark since 1980. | Exh. 1, 3; Shriver Decl. ¶ 3-6. | |

0811-1026 / 704777.1

| | Responding Party's Undisputed Material Facts | Supporting Evidence | Moving Party's Reply |
|---|---|---|---|
| 1 2 | | | |
| 3 4 5 6 7 8 9 10 | **17.** The CLS Partnership had owned the common-law rights to the Mark, as well as the pending trademark application. LSP operated as a licensee of the Mark. On October, 26, 1980, the CLS Partnership filed a trademark application for the Mark. | Exh. 3; Shriver Decl. ¶ 6, 7, (USPTO record of the CLS Partnership application for Situational Leadership), (February 19, 1982 assignment of USPTO trademark application for "Situational Leadership" from CLS Partnership to MED); Exh. 7; Shriver Decl. ¶ 7, (November 11, 1980 statement by the CLS Partnership to the USPTO). | |
| 11 12 13 14 15 16 17 | **18.** On May 20, 1981, BTD exited the partnership and, in exchange for $30,000, released its rights to the intellectual property owned by the CLS Partnership. Ken Blanchard stated that the $30,000.00 "pa[id] off" his "materials development partnership" with Paul Hersey. | Exh. 5, 35, Shriver Decl, ¶ 8-9, (May 20, 1981 letter regarding installment payment for buy-out from BTD); (April 16, 2007 BTD Interoffice Memorandum by Ken Blanchard). | |
| 18 19 20 21 22 | **19.** The CLS Partnership assigned the rights to the Mark to MED in February 19, 1982. | Exh. 6, Shriver Decl., ¶ 10-11, (February 19, 1982 assignment of USPTO trademark application for "Situational Leadership" from CLS Partnership to MED). | |
| 23 24 25 26 27 28 | | | |

Case No. 15CV1831 WQH-KSC
RESPONSE TO SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS RE: LEADERSHIP STUDIES'
OPPOSITION TO BLANCHARD TRAINING'S MOTION FOR SUMMARY JUDGMENT ON CLAIM 7 FOR
COPYRIGHT INFRINGEMENT BASED ON OWNERSHIP AND CHAIN-OF-TITLE

0811-1026 / 704777.1

| Responding Party's Undisputed Material Facts | Supporting Evidence | Moving Party's Reply |
|---|---|---|
| 20. When the partnership dissolved, MED continued to do business as the "Center for Leadership Studies."  Both MED and BTD understood that the Center for Leadership Studies was a fictitious business name for MED. | Exh 11, 16, Shriver Decl ¶ 10, 16, 19 ██████████ ██████████ ██████████ ██████████ eso xh. 20, Shriver Decl ¶¶ 22 ██████████ ██████████ ██████████ 8, O██ uk Decl. ¶ 9 (1987 License, which provides: that MED "became known as CENTER FOR LEADERSHIP STUDIES"). | |

RESPONSE TO SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS RE: LEADERSHIP STUDIES' OPPOSITION TO BLANCHARD TRAINING'S MOTION FOR SUMMARY JUDGMENT ON CLAIM 7 FOR COPYRIGHT INFRINGEMENT BASED ON OWNERSHIP AND CHAIN-OF-TITLE

0811-1026 / 704777.1

| Responding Party's Undisputed Material Facts | Supporting Evidence | Moving Party's Reply |
|---|---|---|
| **21.** In the first half of 1982, MED's subsidiary, LSP, was in a legal dispute with a third party, Video University ("Video"), with whom LSP had a non-compete agreement for one year.  Video allegedly breached this non-compete by competing with BTD against LSP after LSP terminated Video's contract.  The Center filed suit against Video, and further filed but did not serve a complaint against BTD. | Exh. 8; Shriver Decl., ¶ 13, 14 (June 18, 1982 LSP shareholder meeting minutes indicating that MED had 10,000 voting shares out of 50,000), Leadership Studies Protections, was put into operation in October of 1979."); Exh. C Page 31, Exh. D ¶ 9,  Oleksiuk Decl., ¶ 5, 6, 29, 30-32,42, 50, 64, (LSP complaint against BTD alleging that Video "was … the exclusive marketing agent in the United States for LSP."). | |
| **22.** The "June 1982 Letter Agreement" provided that (1) "neither [Dr. Blanchard] nor [BTD] would violate the non-competition clause contained in the agreement between [LSP] and [Video]"; and (2) LSP "would not serve [its] lawsuit in California … at the present time". | Exh. D, Page 77 J, Oleksiuk Decl., ¶ 6 (1982 Agreement);  Shriver Decl. ¶¶ 13-14. | |

18

RESPONSE TO SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS RE: LEADERSHIP STUDIES' OPPOSITION TO BLANCHARD TRAINING'S MOTION FOR SUMMARY JUDGMENT ON CLAIM 7 FOR COPYRIGHT INFRINGEMENT BASED ON OWNERSHIP AND CHAIN-OF-TITLE

0811-1026 / 704777.1

| | Responding Party's Undisputed Material Facts | Supporting Evidence | Moving Party's Reply |
|---|---|---|---|
| 1<br>2 | | | |
| 3<br>4<br>5<br>6<br>7<br>8<br>9<br>10<br>11<br>12<br>13 | **23.** In a follow-up cover letter ("1982 Cover Letter") to BTD enclosing the June 1982 Letter Agreement, LSP summarized the 1982 Agreement: LSP would take no action with regard to that lawsuit, or prejudice the rights of Dr. Blanchard in the use of the term Situational Leadership "*at this time*"; and LSP would not sue BTD over use of the Mark concerning the Video University suit while the parties had a chance to resolve their differences.  (Emphasis added.) | Exh. 8; Shriver Decl. ¶ 14 (June 20, 1982 Letter from LSP's attorney to BTD's attorney); Myers Decl. ¶ 8. | |
| 14<br>15<br>16<br>17<br>18<br>19 | **24.** In or about 1984, BTD's counsel authored a draft agreement with the stated purpose to "formaliz[e] an agreement under which [MED] is the owner of the [Mark] … and [BTD] is a royalty-free licensee." | Exh._20, ▮▮▮▮▮ Exh. ▮ Pag ksiuk Decl. ¶ 9 (1987 License). | |
| 20<br>21<br>22<br>23 | **25.** John Myers was only the President of LSP.  He was never "an officer, director, agent, or employee of MED and had no authority to sign on behalf of MED." | Myers Decl. ¶ 2-4. | |
| 24<br>25<br>26<br>27<br>28 | | | |

0811-1026 / 704777.1

| Responding Party's Undisputed Material Facts | Supporting Evidence | Moving Party's Reply |
|---|---|---|
| **26.** On May 18, 1984, Ken Blanchard wrote to Ralph Hersey ("Ralph"), in Ralph's capacity as MED's then Vice-President of Marketing. Dr. Blanchard proposed mutually beneficial cooperation to protect both parties' interests. Though LSP signed the 1982 Letter Agreement and John Myers worked only for MED, Dr. Blanchard stated that the 1982 Letter Agreement set forth that "you" could not sue BTD for trademark infringement over the Mark. | Exh. 11, 16, Shriver Decl. ¶ 15, 16 __ (October 10, 1984 Letter from Whelton Whann to Ralph Hersey in his capacity as "Vice President – Marketing" of the "CENTER FOR LEADERSHIP STUDIES", the then fictitious business name of MED); Desoer Decl. ¶ 8. | |

Case No. 15CV1831 WQH-KSC
RESPONSE TO SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS RE: LEADERSHIP STUDIES'
OPPOSITION TO BLANCHARD TRAINING'S MOTION FOR SUMMARY JUDGMENT ON CLAIM 7 FOR
COPYRIGHT INFRINGEMENT BASED ON OWNERSHIP AND CHAIN-OF-TITLE

0811-1026 / 704777.1

| | | |
|---|---|---|
| 1 | **27.** Ken Blanchard's letter to Ralph in the May 18, 1984 ("1984 Letter") was directed to Ralph Hersey in his capacity as an officer of MED.  MED is the registrant for the "logo" referenced in the 1984 Letter.  Moreover, MED was the assignee of the "abandoned" "Situational Leadership" USPTO trademark application referenced in the aforesaid letter.  Finally, the "Center for Leadership Studies", as referenced in the 1984 Letter, was the fictitious business name of MED. | Exh. D to Oleksiuk Decl. ¶ 8_ (May 18, 1984 letter from Ken Blanchard to Ralph Hersey); |
| 2 | | |
| 3 | | Exh. 8 __, Shriver Decl. ¶ 14__ (June 20, 1982 Letter from LSP's attorney to BTD's attorney). |
| 4 | | |
| 5 | | |
| 6 | |  |
| 7 | | |
| 8 | | |
| 9 | | ecl.;  Shriver Decl., ¶ 15 __; (February 19, 1982 assignment of USPTO trademark application for "Situational Leadership" from CLS Partnership to MED); Exh. 6, Shriver Decl. ¶ 11 __ (USPTO record of abandoned "Situational Leadership" application, which was assigned from the CLS Partnership to MED); Exh. 17, Shriver Decl. ¶ 19. |
| 10 | | |
| 11 | | |
| 12 | | |
| 13 | In the 1984 Letter to Ralph, Ken Blanchard made two offers: (1) that BTD "formally agree" to "put TM next to any of [BTD's] use of the words Situational Leadership"; and (2) that BTD would "take the lead in drafting a simple agreement which confirms CLS's lead position in defending both of our [*i.e.*, MED's and BTD's] rights around Situational Leadership." | |
| 14 | | |
| 15 | | |
| 16 | | |
| 17 | |  |
| 18 | | |
| 19 | | |
| 20 | Ken Blanchard recognized in his 1984 Letter that the parties needed to clarify the parties' respective rights to the Mark, just as explained in the June 1982 Cover Letter.   Ken Blanchard states that BTD would "take the lead in drafting" an agreement that would "*confirm*[] CLS's lead position in defending both" MED's and BTD's "rights around" the Mark (Emphasis added).   Similarly, the 1982 Cover Letter stated that LSP would "do nothing of any kind | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

RESPONSE TO SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS RE: LEADERSHIP STUDIES'
OPPOSITION TO BLANCHARD TRAINING'S MOTION FOR SUMMARY JUDGMENT ON CLAIM 7 FOR
COPYRIGHT INFRINGEMENT BASED ON OWNERSHIP AND CHAIN-OF-TITLE

0811-1026 / 704777.1

| Responding Party's Undisputed Material Facts | Supporting Evidence | Moving Party's Reply |
|---|---|---|
| to interfere with the use of th[e] term [Situational Leadership] (other than as it relates to Video University) until [it has] had an opportunity to sit down and discuss this matter and until [LSP and BTD] are able to come to *some understanding and clarification* of the [1982] agreement." (Emphasis added). | ██████████████████ Decl. ¶ 9 (1987 License, which provides: that MED "became known as CENTER FOR LEADERSHIP STUDIES"); Shriver Decl., ¶ 16, (October 10, 1984 from W. Whann addressed to R. Hersey at "Center for Leadership Studies"). | |

RESPONSE TO SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS RE: LEADERSHIP STUDIES'
OPPOSITION TO BLANCHARD TRAINING'S MOTION FOR SUMMARY JUDGMENT ON CLAIM 7 FOR
COPYRIGHT INFRINGEMENT BASED ON OWNERSHIP AND CHAIN-OF-TITLE

0811-1026 / 704777.1



28.

Exh. eksiuk Decl., ¶ 6 (1982 Agreement stating that LSP would not "pursue violation of trademark action" against BTD and Ken Blanchard).

RESPONSE TO SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS RE: LEADERSHIP STUDIES'
OPPOSITION TO BLANCHARD TRAINING'S MOTION FOR SUMMARY JUDGMENT ON CLAIM 7 FOR
COPYRIGHT INFRINGEMENT BASED ON OWNERSHIP AND CHAIN-OF-TITLE

0811-1026 / 704777.1



| Responding Party's Undisputed Material Facts | Supporting Evidence | Moving Party's Reply |
|---|---|---|
| 29. ████████ | Exh. 17, Shriver Decl. ¶ 19, 20, ████████ ¶ 9-11; Exh. C Page 29, Exh. G, p.88, Oleksiuk Decl. ¶ 5 (1982 complaint listing the parties: LSP versus BTD and Ken Blanchard); Exh. D Page 77 (1982 Agreement, settling the dispute in the 1982 complaint); Shriver Decl. ¶¶ 10-11 (stating that MED owns the common law trademark); Exh. 24, Shriver Decl. ¶ 12 ___ ("Situational Leadership" trademark USPTO records indicating that MED owned the rights to the Situational Leadership mark and that ownership of said mark eventually vested in CLS *after* the ████████ eksiuk Decl., ¶ 6 (1982 Agreement stating that LSP would not "pursue violation of trademark action" against BTD and Ken Blanchard). | |

| Responding Party's Undisputed Material Facts | Supporting Evidence | Moving Party's Reply |
|---|---|---|
| **30.** In early 1985, MED and LSP threatened BTD with a new lawsuit over infringement of the Mark.  When the parties were unable to reach resolution later that year, the Hersey parties again threatened to file a lawsuit. | Exh. 17-19, Shriver Decl. ¶¶ 15, 19-20 (Draft 1985 Complaint by MED and LSP against BTD and Ken Blanchard); Exh. 15, Desoer Decl. ¶¶ 8-11; Oleksiuk Decl. Exh. F p.86. (May 18, 1984 letter from Ken Blanchard to Ralph Hersey regarding ongoing discussions as to, among other issues, trademark licensing); Exh. | |

RESPONSE TO SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS RE: LEADERSHIP STUDIES'
OPPOSITION TO BLANCHARD TRAINING'S MOTION FOR SUMMARY JUDGMENT ON CLAIM 7 FOR
COPYRIGHT INFRINGEMENT BASED ON OWNERSHIP AND CHAIN-OF-TITLE

0811-1026 / 704777.1

| | | |
|---|---|---|
| **31.** The 1987 License covered completely the relationship between CLS, the current owner of the Situational Leadership mark, and BTD, the exact same subject matter covered by the 1982 Letter Agreement. Following are the provisions in the 1987 License, ▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓ but not in the 1982 Letter Agreement:<br><br>The 1987 License recounted the same history between Ken Blanchard and Paul Hersey, as recounted by the 1984 BTD Draft. The exception is that the 1987 License added additional language: "In 1985, [CLS] acquired the entire right, title, and interest in and to the business of [MED] … including all trademarks, trade names, service marks, and copyrights." Unlike the 1982 Agreement, the 1987 License *binds the actual owner* of the Situational Leadership Mark.<br><br>Second, under the 1987 License, BTD explicitly acknowledges CLS' ownership of the Situational Leadership marks.<br><br>Third, the 1987 License grants BTD a license to use the Situational Leadership mark, subject to a quality standard provision, but prohibits BTD from using the bell curve logo in a "trademark sense":<br><br>Fourth, the 1987 License extends to BTD's affiliates. | Exh. G, Oleksiuk Decl. ¶ 9 (1987 License); Exh. ▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓ p.88, J, Oleksiuk Decl., ¶ 6 (1982 Agreement); Myers Decl. ¶¶ 5-6 (stating that LSP, was, at the time of the 1982 Agreement, a mere licensee, and not the owner of the Situational Leadership mark). | |

Case No. 15CV1831 WQH-KSC
RESPONSE TO SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS RE: LEADERSHIP STUDIES'
OPPOSITION TO BLANCHARD TRAINING'S MOTION FOR SUMMARY JUDGMENT ON CLAIM 7 FOR
COPYRIGHT INFRINGEMENT BASED ON OWNERSHIP AND CHAIN-OF-TITLE

0811-1026 / 704777.1

| Responding Party's Undisputed Material Facts | Supporting Evidence | Moving Party's Reply |
|---|---|---|
| Fifth, the 1987 License has an enforcement provision.<br><br>Sixth, the 1987 License provides that BTD would obtain the Situational Leadership mark should CLS "discontinue[]" its use.<br><br>Seventh, the 1987 License contains a right of first refusal provision for BTD. | | |

Case No. 15CV1831 WQH-KSC
RESPONSE TO SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS RE: LEADERSHIP STUDIES'
OPPOSITION TO BLANCHARD TRAINING'S MOTION FOR SUMMARY JUDGMENT ON CLAIM 7 FOR
COPYRIGHT INFRINGEMENT BASED ON OWNERSHIP AND CHAIN-OF-TITLE

0811-1026 / 704777.1



**32.**

Exh. D, Oleksiuk Decl. ¶ 6 (1982 Agreement);

Exh. G, Oleksiuk Decl. ¶ 9 (1987 License); Exh. 20, Shriver Decl. ¶¶ 22.

0811-1026 / 704777.1

| Responding Party's Undisputed Material Facts | Supporting Evidence | Moving Party's Reply |
|---|---|---|
| ███████████████ | | |
| **33.** On October 26, 1984 MED filed a new application with the USPTO for the Mark "Situational Leadership." The USPTO granted the application, and registered the Mark as of November 26, 1985. | Exh. 24, Shriver Decl. ¶ 12 ___. (Situational Leadership trademark USPTO records); Exh. G Oleksiuk Decl. ¶ 28. | |
| **34.** On July 15, 1985, LSP filed with California's Secretary of State a Certificate of Amendment to its Articles of Incorporation changing its name to "Leadership Studies." | Exh. L Page 231, Oleksiuk Decl. ¶ 14 (Certificate of Amendment of the Articles of Incorporation). | |
| **35.** On September 23, 1985 the California corporation, Leadership Studies, merged with the Ohio Corporation, MED, as reflected in the Agreement of Merger filed with California's Secretary of State on March 21, 1986. This agreement designated Leadership Studies as the surviving entity. | Exh. L Page 236-37, Oleksiuk Decl. ¶ 14 (Merger Agreement). | |
| **36.** On April 3, 1986, MED transferred its rights in the Mark to CLS. | Exh. 24, Shriver Decl. ¶ 12 ___ ("Situational Leadership" USPTO records reflecting assignment) | |

0811-1026 / 704777.1

| | Responding Party's Undisputed Material Facts | Supporting Evidence | Moving Party's Reply |
|---|---|---|---|
| 1 | | | |
| 2 | | | |
| 3 | **37.** The State of Ohio's Secretary of State site likewise shows that MED was "merged out." | [Ex. G, p.206, D.E. 12-2 (BTD exhibit to its Request for Judicial Notice, filed November 25, 2015)]. | |
| 4 | | | |
| 5 | | | |
| 6 | **38.** In fits and starts the parties exchanged correspondence – and even a draft lawsuit by CLS – concerning the Mark and the terms and conditions of a license from MED and, later, CLS, to BTD. | Exhs. 9, 10, 12, 15, 21, and Desoer Decl. at ¶¶ 6-12 | |
| 7 | | | |
| 8 | | | |
| 9 | | | |
| 10 | | | |
| 11 | **39.** Notably, a draft 1985 complaint by MED and LSP against BTD and Ken Blanchard alleged federal trademark infringement of Situational Leadership. ████████████ | Exh. 28, 36, 45,-47, Shriver Decl. ¶ 25-33; Exh. 25, 26, 27, 29, 30, 32, 33, 34, 37, 38, 39, 40, 41, 44, 46, 49 Desoer Decl. ¶ 13-29, 31; ████████████ | |
| 12 | | | |
| 13 | | | |
| 14 | | | |
| 15 | | | |
| 16 | | | |
| 17 | | | |
| 18 | | | |
| 19 | | | |
| 20 | Correspondence between counsel for MED, LSP, and BTD, and later, CLS and BTD, documents their negotiations and establishes that BTD never asserted that it could freely use the Mark as the result of the 1982 Agreement after the 1987 License Agreement. | ___15 at Desoer Decl., ¶ 10___ (Draft 1985 Complaint by MED and LSP against BTD and Ken Blanchard providing, in part, that the "action ar[ose] in part under the trademark laws of the United States" and alleging that BTD and Ken Blanchard "utilize[d] the trademark and service mark SITUATIONAL LEADERSHIP"). | |
| 21 | | | |
| 22 | | | |
| 23 | | | |
| 24 | | | |
| 25 | | | |
| 26 | | | |
| 27 | | | |
| 28 | | | |

RESPONSE TO SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS RE: LEADERSHIP STUDIES'
OPPOSITION TO BLANCHARD TRAINING'S MOTION FOR SUMMARY JUDGMENT ON CLAIM 7 FOR
COPYRIGHT INFRINGEMENT BASED ON OWNERSHIP AND CHAIN-OF-TITLE

0811-1026 / 704777.1

| Responding Party's Undisputed Material Facts | Supporting Evidence | Moving Party's Reply |
|---|---|---|
| **40.** Notably, the name of the party on CLS' side changed from *MED and LSP* to Leadership Studies, Inc. during the course of the negotiations, just as the names changed due to the merger.<br><br>Whereas the 1984 BTD Draft states that MED is the contracting party, the 1987 License recognizes that CLS as the contracting party because CLS "acquired the entire right, title, and interest in and to the business of [MED] … including all trademarks, trade names, service marks, and copyrights." | Exh. D, Oleksiuk Decl. ¶ 6 (1982 Agreement);<br><br>Exh. G, Oleksiuk Decl. ¶ 9 (1987 License). | |
| **41.** On December 19, 1987, BTD and CLS executed the 1987 License. | Exh. G, Oleksiuk Decl. ¶ 9 (1987 License). | |

0811-1026 / 704777.1

| | | |
|---|---|---|
| **42.** Dr. Blanchard circulated an internal BTD memo in which he said: "I have some really good news about Situational Leadership and our relationship with Paul Hersey. As you know, ***not having a signed arrangement with Paul [Hersey] has been a very dangerous position for BTD*** to be in and has periodically resulted in legal documents and threats flying back and forth between our two companies." (Emphasis added.)<br><br>In addition, Ken Blanchard's memo stated that a "major negotiating area[]" was "[a] royalty free license to BTD from [CLS] to use Situational Leadership."<br><br>The memo explained: "[g]etting the rights to use Situational Leadership [under the 1987 License] gives us all kinds of freedom and also ensures that if Hersey ever sold his company to someone else we would have first dibs on buying out the Situational Leadership concept from any such deal."<br><br>The memo additionally notes that the 1987 License "enables Paul or us to police the growing use of Situational Leadership by companies such as IBM and AMA who are boldly offering programs of that name." | Exh. 13, Desoer Decl. ¶ 26.__ | |

Case No. 15CV1831 WQH-KSC
RESPONSE TO SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS RE: LEADERSHIP STUDIES'
OPPOSITION TO BLANCHARD TRAINING'S MOTION FOR SUMMARY JUDGMENT ON CLAIM 7 FOR
COPYRIGHT INFRINGEMENT BASED ON OWNERSHIP AND CHAIN-OF-TITLE

0811-1026 / 704777.1

| | Responding Party's Undisputed Material Facts | Supporting Evidence | Moving Party's Reply |
|---|---|---|---|
| | The memo concludes: "[f]inalizing [BTD's] legal use of Situational Leadership" was a "long, slow road." Notably, although Dr. Blanchard also had signed the 1982 Agreement, and had reminded Ralph of its existence in 1984, this memo made no mention of it. | | |
| | 43. Since 1987, BTD, internally, has referred solely to the 1987 License as governing its right to use the Mark. | Exh. 28, 36, 45-47, Shriver Decl. ¶ 25-33; Exh. 25-27, 29, 30, 32, 33, 34, 37-41, 44, 46, 49 Desoer Decl. ¶ 13-29; 31; — | |
| | 44. In its communications with CLS, BTD has also referred solely to the 1987 License as governing its right to use the Mark. | Exh. 27, 29, 37, 39, 40, Desoer Decl. ¶¶ 15, 16, 21, 23, 24; Exh. 28, 36, 45-47, Shriver Decl. ¶¶ 25-28, 30-33. | |
| | 45. Tellingly, in 2013, after Maureen Shriver assumed CLS' Presidency, she reached out to both Ken Blanchard and Richard Andrews, BTD's intellectual property officer, and requested that they provide her with any documents of which she should be aware that addressed the parties' relationship besides the 1987 License Agreement. | Exh. 45-47, Shriver Decl. ¶¶ 30-33, (Email chain, dated February 11, 2010, wherein Richard Andrews refers to himself as "the senior legal officer for The Ken Blanchard Companies"). | |

RESPONSE TO SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS RE: LEADERSHIP STUDIES' OPPOSITION TO BLANCHARD TRAINING'S MOTION FOR SUMMARY JUDGMENT ON CLAIM 7 FOR COPYRIGHT INFRINGEMENT BASED ON OWNERSHIP AND CHAIN-OF-TITLE

0811-1026 / 704777.1

| Responding Party's Undisputed Material Facts | Supporting Evidence | Moving Party's Reply |
|---|---|---|
| **46.** In response to Maureen Shriver's request for documentation as to the relationship between CLS and LSP, Ken Blanchard sent an email that included only the parties concerning the use of the Mark in China. | Exh. 45-47, Shriver Decl. ¶¶ 30-33, (Email chain, dated February 11, 2010, wherein Richard Andrews refers to himself as "the senior legal officer for The Ken Blanchard Companies"). | |
| **47.** In response to Maureen Shriver's request for documentation as to the relationship between CLS and BTD, neither Ken Blanchard nor Richard Andrews mentioned the 1982 Agreement. | Exh. 45-47, Shriver Decl. ¶¶ 30-33, (Email chain, dated February 11, 2010, wherein Richard Andrews refers to himself as "the senior legal officer for The Ken Blanchard Companies"). | |
| **48.** Since 1987, BTD, internally, has referred solely to the 1987 License as governing its right to use the Mark. | Exh. 5, 26, 32, 33, 34, 37, 38, 41, 44, 46, Desoer Decl. ¶¶ 13, 14, 18, 19, 20, 22, 25, 26, 27. | |
| **49.** On August 3, 2016, CLS produced its initial disclosures to BTD consisting of documents Bates numbered CLS-00000001 to CLS-00005745, among which were documents describing the merger between MED and LSP dated September 30, 1985 as well as the July 1985 name change of LSP to "Leadership Studies." | Exhs. 22, 42, and 52; Zuber Declaration at ¶¶ 17-21. | |

Case No. 15CV1831 WQH-KSC
RESPONSE TO SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS RE: LEADERSHIP STUDIES' OPPOSITION TO BLANCHARD TRAINING'S MOTION FOR SUMMARY JUDGMENT ON CLAIM 7 FOR COPYRIGHT INFRINGEMENT BASED ON OWNERSHIP AND CHAIN-OF-TITLE

0811-1026 / 704777.1

Dated:  May 8, 2017                          Respectfully submitted,

                                             **ZUBER LAWLER & DEL DUCA LLP**
                                             MICHELE M. DESOER
                                             JEFFREY J. ZUBER
                                             A. JAMES BOYAJIAN

                                    By: _____

                                             Attorneys for Plaintiff and Counterclaim-
                                             Defendant Leadership Studies, Inc.

RESPONSE TO SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS RE: LEADERSHIP STUDIES'
OPPOSITION TO BLANCHARD TRAINING'S MOTION FOR SUMMARY JUDGMENT ON CLAIM 7 FOR
COPYRIGHT INFRINGEMENT BASED ON OWNERSHIP AND CHAIN-OF-TITLE

0811-1026 / 704777.1