COOLEY LLP
STEVEN M. STRAUSS (99153)
sms@cooley.com
DENNIS C. CROVELLA (190781)
dcrovella@cooley.com
JOHN PAUL OLEKSIUK (283396)
jpo@cooley.com
4401 Eastgate Mall
San Diego, CA 92121
Telephone: (858) 550-6000
Facsimile: (858) 550-6420

Attorneys for Defendant / Counterclaim-Plaintiff
BLANCHARD TRAINING AND
DEVELOPMENT, INCORPORATED

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEADERSHIP STUDIES, INC.,<br><br>   Plaintiff,<br><br>   v.<br><br>BLANCHARD TRAINING AND DEVELOPMENT, INCORPORATED, and Does 1-10, inclusive,<br><br>   Defendants.<br><br>BLANCHARD TRAINING AND DEVELOPMENT, INCORPORATED,<br><br>   Counterclaim-Plaintiff,<br><br>   v.<br><br>LEADERSHIP STUDIES, INC.,<br><br>   Counterclaim-Defendant. | Case No. 15 CV 1831 WQH KSC<br><br>**BLANCHARD TRAINING'S NOTICE OF ERRATA AND CORRECTION TO DECLARATION OF DENNIS C. CROVELLA IN SUPPORT OF MOTION FOR RECONSIDERATION OF ORDER**<br><br>**HEARING DATE: NOVEMBER 27, 2017**<br><br>**COURTROOM 14B**<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** |

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

BTD'S NOTICE OF ERRATA AND CORRECTION TO
DECL. OF DENNIS C. CROVELLA
15 CV 1831 WQH KSC

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Blanchard Training and Development Incorporated hereby provides notice of errata and a correction as follows:

On October 23, 2017, Defendant filed its "Declaration of Dennis C. Crovella in Support of Motion for Reconsideration of Order." ECF 117-2. Unbeknownst to Defendant's counsel, when the declaration was submitted corresponding Exhibits A and B were inadvertently omitted. Inadvertently omitted Exhibit A is a true and correct copy of Defendant Leadership Studies' Designation of Expert Witnesses served on September 25, 2017. Inadvertently omitted Exhibit B is a true and correct copy of a September 29, 2017, letter to counsel for Leadership Studies. Both of these documents were in Plaintiff's possession prior to the filing of Defendant's Motion for Reconsideration. A copy of the previously filed "Declaration of Dennis C. Crovella in Support of Motion for Reconsideration of Order" (ECF 117-2), complete with inadvertently omitted Exhibits A and B, is attached hereto as Exhibit A.

Dated: November 10, 2017

COOLEY LLP
STEVEN M. STRAUSS (99153)
DENNIS C. CROVELLA (190781)
JOHN PAUL OLEKSIUK (283396)

*s/Dennis Crovella*

Attorneys for Defendant / Counterclaim-Plaintiff
BLANCHARD TRAINING AND DEVELOPMENT, INCORPORATED
E-mail: dcrovella@cooley.com

153917616 v1

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

1.

BTD'S NOTICE OF ERRATA AND CORRECTION TO
DECL. OF DENNIS C. CROVELLA
15 CV 1831 WQH KSC

# Exhibit A

COOLEY LLP
STEVEN M. STRAUSS (99153)
sms@cooley.com
DENNIS C. CROVELLA (190781)
dcrovella@cooley.com
JOHN PAUL OLEKSIUK (283396)
jpo@cooley.com
4401 Eastgate Mall
San Diego, CA 92121
Telephone:  (858) 550-6000
Facsimile:  (858) 550-6420

Attorneys for Defendant / Counterclaim-Plaintiff
BLANCHARD TRAINING AND
DEVELOPMENT, INCORPORATED

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEADERSHIP STUDIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> BLANCHARD TRAINING AND DEVELOPMENT, INCORPORATED, and Does 1-10, inclusive, <br><br> Defendants. | Case No.  15 CV 1831 WQH KSC <br><br> **DECLARATION OF DENNIS C. CROVELLA IN SUPPORT OF MOTION FOR RECONSIDERATION OF ORDER** |
| BLANCHARD TRAINING AND DEVELOPMENT, INCORPORATED, <br><br> Counterclaim-Plaintiff, <br><br> v. <br><br> LEADERSHIP STUDIES, INC., <br><br> Counterclaim-Defendant. | |

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

**DECL. OF DENNIS C. CROVELLA ISO
MOTION FOR RECONSIDERATION OF ORDER
CASE NO. 15 CV 1831 WQH KSC**

I, Dennis C. Crovella, declare as follows:

1. I am an attorney with the law firm of Cooley LLP, counsel in this action for Blanchard Training and Development, Incorporated ("BTD"). I have personal knowledge of the facts contained within this declaration, and if called as a witness, could testify competently to the matters contained herein. I make this declaration pursuant to Civil Local Rule 7.1(i)(1) and in support of Blanchard Training's Motion for Reconsideration of Order.

2. Blanchard Training's Motion is made as to the Court's September 25, 2017 Order (ECF 108) granting in part and denying in part Blanchard Training's Motion for Summary Judgment on Claim 7 for Copyright Infringement (ECF 63). There has been no prior application seeking reconsideration of the Order.

3. Since the Motion and Order, Leadership Studies has refused to dismiss the Seventh Cause of Action for Copyright Infringement. In addition, Leadership Studies has designated experts on the issues arising from the Seventh Cause of Action.

4. Attached as hereto as Exhibit A, is a true and correct copy of Leadership Studies' Designation of Expert Witnesses served on September 25, 2017.

5. Attached as hereto as Exhibit B, is a true and correct copy of a September 29, 2017, letter to counsel for Leadership Studies.

6. To this date, Blanchard Training has not received a response to the September 29, 2017, letter. Leadership Studies has not withdrawn or amended its expert designation to withdraw its copyright expert. Pursuant to the current scheduling order (ECF 100), the expert reports are due November 9, 2017 and rebuttal expert reports are due December 1, 2017.

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

1.

DECL. OF DENNIS C. CROVELLA ISO
MOTION FOR RECONSIDERATION OF ORDER
CASE NO. 15 CV 1831 WQH KSC

7. Between July 10, 2017 and September 8, 2017, seventeen depositions were taken in this case, including all party witness depositions.

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 23, 2017 in San Diego, California.

s/*Dennis C. Crovella*
Dennis C. Crovella

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

2.

DECL. OF DENNIS C. CROVELLA ISO
MOTION FOR RECONSIDERATION OF ORDER
15-CV-1831 WQH KSC

# EXHIBIT A

MICHELE M. DESOER (SBN 119667)
  *mdesoer@zuberlaw.com*
JEFFREY J. ZUBER (SBN 220830)
  *jzuber@zuberlaw.com*
HEMING XU (SBN 302461)
  *hxu@zuberlaw.com*
**ZUBER LAWLER & DEL DUCA LLP**
777 S. Figueroa Street, 37th Floor
Los Angeles, California 90017
Telephone: (213) 596-5620
Facsimile:   (213) 596-5621

NATHANIEL L. FINTZ (*Pro Hac Vice*)
  *nfintz@zuberlaw.com*
**ZUBER LAWLER & DEL DUCA LLP**
One Penn Plaza, Suite 4430
New York, New York 10119
Telephone: (212) 899-9830

Attorneys for Plaintiff and
Counterclaim-Defendant Leadership Studies, Inc.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LEADERSHIP STUDIES, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>BLANCHARD TRAINING AND DEVELOPMENT, INC., a California corporation, and Does 1-10, inclusive,<br><br>Defendants.<br><br>AND ALL RELATED CROSS ACTIONS. | CASE NO. 15CV1831 WQH-KSC<br><br>**DESIGNATION OF EXPERT WITNESSES BY PLAINTIFF AND COUNTERCLAIM-DEFENDANT LEADERSHIP STUDIES, INC.** |

Pursuant to paragraph 2 of the Third Amended Scheduling Order [D.E. 100], Plaintiff and Counterclaim-Defendant Leadership Studies, Inc. ("CLS" or "Plaintiff") hereby designates the following experts whose opinions CLS may use at trial pursuant to Rules 702, 703, or 705 of the Fed. R. Evid.:

## DESIGNATION OF EXPERT WITNESSES

1. Expert name: **Sidney P. Blum, CPA, CFE, CPEA (E)(H&S), CFF**

   a. Address:  Sidney P. Blum, CPA, CFE, CPEA (E)(H&S), CFF
   7081 Broadway Terrace
   Oakland, CA 94611

   b. Telephone number: (818) 631-3192

   c. Reasonable summary of the testimony the expert is expected to provide: Mr. Blum is expected to draw on his expertise and experience in *(i)* economic and financial analysis, royalties, licensing, damages, forensics, and accounting; *(ii)* the calculation of damages relating to trademark infringement, copyright infringement, and breach of contract; and *(iii)* marketing and the exploitation of trademarks in marketing. Mr. Blum's C.V. was served on Defendant Blanchard Training and Development, Inc. ("Defendant" or "BTD") pursuant to the stipulated Protective Order [D.E. 41], as amended [D.E. 62]. Mr. Blum is expected to testify on methods for calculating the damages that Defendant should be obligated to pay to Plaintiff in connection with the claims that Plaintiff has lodged against Defendant in the present litigation. Mr. Blum is also expected to testify about his recommendations regarding such damages, and the bases for those recommendations.

   d. Normal rates the expert charges for deposition and trial testimony: $670.00 per hour.

2. Expert name: **Dr. Ronald R. Butters, Ph.D.**

   a. Address:    Dr. Ronald R. Butters, Ph.D.
                          11356 Phoenix Way
                          Naples, FL 34119

   b. Telephone number: (919) 423-8866

   c. Reasonable summary of the testimony the expert is expected to provide: Dr. Butters is expected to draw on his expertise, experience, teaching, and scholarship in fields including language, linguistics, psycholinguistics, forensic linguistics, and the linguistics of trademarks. Dr. Butters' C.V. was served on Defendant pursuant to the stipulated Protective Order [D.E. 41], as amended [D.E. 62]. Dr. Butters is expected to testify as to why, based on basic linguistic principles, the trademarks at issue in the present litigation are sufficiently similar to create a linguistic confusion of the ordinary speaker of English. Dr. Butters is also expected to testify—from the perspective of linguistics and related subfields—as to the meaning of the respective trademarks as perceived by the ordinary English-speaking consumer. Dr. Butters is also expected to testify as to why—from the perspective of linguistics and related subfields—Plaintiff's trademark functions as an indicator of the source of products or services.

   d. Normal rates the expert charges for deposition and trial testimony: $600.00 per hour.

3. Expert name: **Dr. Kenneth Crews, Ph.D.**

   a. Address:    Dr. Kenneth Crews, Ph.D.
                          Gipson Hoffman & Pancione
                          1901 Avenue of the Stars, 11th Floor
                          Los Angeles, CA 90067

   b. Telephone number: (310) 556-4660

c. Reasonable summary of the testimony the expert is expected to provide: Dr. Crews is expected to draw upon his expertise, experience, teaching, and scholarship in copyrighted works, authorship, and licensing. Dr. Crews' C.V. was served on Defendant pursuant to the stipulated Protective Order [D.E. 41], as amended [D.E. 62]. Dr. Crews is expected to testify as to: *(i)* the expressive elements of the copyrighted work asserted in the present litigation (the "Asserted Work"), including but not limited to how individuals and businesses understood and utilized these expressive elements in both the Asserted Work and in its derivatives; *(ii)* academic research and writing, including but not limited to how academics typically treat issues of collaboration and co-authorship, as well as how academics may use their research to develop products and services; and *(iii)* typical courses of dealing between authors and publishers, and among collaborators of a work. Such testimony will be pertinent to copyrightability, infringement, copyright ownership, copyright licensing, and legal rights as to derivative works.

d. Normal rates the expert charges for deposition and trial testimony: $585 per hour.

4. Expert name: **Rhonda Harper, M.B.A.**

   a. Address:   Rhonda Harper, M.B.A.
                 Rhonda Harper LLC
                 6224 Penrose Avenue
                 Dallas, TX 75214

   b. Telephone number: (214) 244-4608

   c. Reasonable summary of the testimony the expert is expected to provide: Ms. Harper is expected to draw on her expertise and experience in licensing, marketing, branding, brand architecture, consumer perception, business management, and related fields. Ms.

Harper's C.V. was served on Defendant pursuant to the stipulated Protective Order [D.E. 41], as amended [D.E. 62]. Ms. Harper is expected to testify—especially from the perspective of her fields of expertise—as to *(i)* why Plaintiff's trademark functions as an indicator of the source of products or services; and *(ii)* why the trademarks at issue in the present litigation are sufficiently similar to cause a consumer to be confused regarding the source of products or services. Ms. Harper is also expected to testify—especially from the perspective of the field of licensing and its practices and customs—as to *(i)* the interpretation and operation of licensing-related documents at issue in the present litigation (including but not limited to the License Agreement of December 19, 1987 (the "1987 License")); *(ii)* the licensing relationship between Plaintiff and Defendant; and *(iii)* the expected licensing relationship between a licensor and licensee similarly situated to Plaintiff and Defendant.

    d. Normal rates the expert charges for deposition and trial testimony: $600.00 per hour.

5. Expert name: **Jonathan E. Hochman, M.S.**

    a. Address:   Jonathan E. Hochman, M.S.
                       JE Hochman & Associates LLC
                       615 W. Johnson Ave, Suite 202
                       Cheshire, CT 06410-4532

    b. Telephone number: (203) 699-2628

    c. Reasonable summary of the testimony the expert is expected to provide: Mr. Hochman is expected to draw on his expertise and experience in entrepreneurship, technology, marketing, internet search marketing, search engine optimization, software development, business development, business operations, sales, and related fields. Mr. Hochman's C.V. was served on Defendant pursuant to the stipulated

0811-1026 / 884981.1

5    Case No. 15CV1831 WQH-KSC
DESIGNATION OF EXPERT WITNESSES
BY PLAINTIFF AND COUNTERCLAIM-DEFENDANT LEADERSHIP STUDIES, INC.

Protective Order [D.E. 41], as amended [D.E. 62].  Mr. Hochman is expected to testify regarding *(i)* Defendant's use of search engine keywords—including but not limited to keywords consisting of or incorporating trademarks owned by Plaintiff—within the context of the Google AdWords service and other search engine marketing services similar or analogous to Google AdWords (collectively, "SEM Services"); *(ii)* the content, appearance, and positioning of Defendant's ads (including but not limited to "sponsored links" ads) within the context of SEM Services; *(iii)* the effects upon Plaintiff of Defendant's activities within the context of SEM Services; *(iv)* economic and business aspects of using SEM Services; *(v)* the presence and positioning of Plaintiff and Defendant, respectively, within internet search engine search results; *(vi)* the effect of the trademark registration symbol (*i.e.*, the "®" symbol) upon the functioning of internet search engines, and within the context of search engine optimization in general; and *(vii)* Defendant's search engine marketing practices and search engine optimization practices within the context of the licensing relationship between Defendant and Plaintiff.

    d. Normal rates the expert charges for deposition and trial testimony: $625.00 per hour.

6. Expert name:  **Dr. Jeffrey A. Stec, Ph.D.**

    a. Address:    Dr. Jeffrey A. Stec, Ph.D.
                          Vice President
                          Charles River Associates
                          One South Wacker Drive
                          Chicago, IL 60606

    b. Telephone number:  (312) 357-1000

    c. Reasonable summary of the testimony the expert is expected to provide:  Dr. Stec is expected to draw on his expertise and experience

in economic, financial, statistical, and survey research, and in the collection and analysis of data. Dr. Stec's C.V. was served on Defendant pursuant to the stipulated Protective Order [D.E. 41], as amended [D.E. 62]. Dr. Stec is expected to testify regarding his survey research conducted in connection with the present litigation, as well as the methods of that survey research. Dr. Stec is also expected to testify about why the findings of his survey research demonstrate that *(i)* Plaintiff's trademark functions as an indicator of the source of products or services, and *(ii)* the trademarks at issue in the present litigation are sufficiently similar to cause a consumer to be confused regarding the source of products or services.

    d. Normal rates the expert charges for deposition and trial testimony: $745.00 per hour.

Dated:  September 25, 2017

Respectfully submitted,

**ZUBER LAWLER & DEL DUCA LLP**
MICHELE M. DESOER
JEFFREY J. ZUBER
NATHANIEL L. FINTZ
HEMING XU

By: _____*s/ Jeffrey J. Zuber*_____
Attorneys for Plaintiff and Counterclaim-Defendant Leadership Studies, Inc.

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 777 S. Figueroa Street, 37th Floor, Los Angeles, California 90017 USA.

On September 25, 2017, I served true copies of the following document(s) described as **DESIGNATION OF EXPERT WITNESSES BY PLAINTIFF AND COUNTERCLAIM-DEFENDANT LEADERSHIP STUDIES, INC.** on the interested parties in this action as follows:

Steven M. Strauss
Dennis C. Crovella
John Paul Oleksiuk
Cooley LLP
4401 Eastgate Mall
San Diego, CA 92121
Tel: 858-550-6000
Fax: 858-550-6420
Email: *sms@cooley.com*
  *dcrovella@cooley.com*
  *jpo@cooley.com*
Attorneys for Defendant and Counterclaim-Plaintiff Blanchard Training and Development, Incorporated

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent from e-mail address *dellis@zuberlaw.com* to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 25, 2017, at Los Angeles, California.

*s/ Debbie Ellis*
Debbie J. Ellis

0811-1026 / 884981.1

8   Case No. 15CV1831 WQH-KSC
DESIGNATION OF EXPERT WITNESSES
BY PLAINTIFF AND COUNTERCLAIM-DEFENDANT LEADERSHIP STUDIES, INC.

# EXHIBIT B



Dennis C. Crovella
+1 858 550 6048
dcrovella@cooley.com

VIA EMAIL

September 29, 2017

Michele Desoer, Esq.
Jeffrey J. Zuber, Esq.
Nathaniel Fintz, Esq.
Heming Xu, Esq.
Zuber Lawler & Del Duca LLP
777 South Figueroa Street, 37th Floor
Los Angeles, CA  90017
jzuber@zuberlaw.com
mdesoer@zuberlaw.com
nfintz@zuberlaw.com
hxu@zuberlaw.com

**Re: Leadership Studies, Inc. v. Blanchard Training and Development, Incorporated
Civil Action No. 15-cv-1831 WQH KSC, S.D. Cal.**

Dear Counsel:

The Court's Order dated September 26, 2017 (Doc. 108) (the "Order") confirmed that the ever-changing copyright claim pursued by Leadership Studies in this litigation is without merit. Now, based on Leadership Studies' repeated representations to Blanchard Training and the Court that Leadership Studies would not pursue any copyright claim for works other than Paul Hersey's 1975 Dissertation (the "1975 Dissertation"), Leadership Studies must immediately dismiss the seventh cause of action in its entirely with prejudice. If Leadership Studies does not comply, Leadership Studies' liability under 17 U.S.C. § 505 for legal fees will continue to escalate for this objectively unreasonable claim.

In the Order, the Court granted Blanchard Training summary judgment on the seventh cause of action as to original material contained in "Leadership Effectiveness and Adaptability Description," "Life Cycle Theory of Leadership," *Management of Organizational Behavior* (3rd ed. 1977), and the 1975 Dissertation. (Order at 9:19-23). As a result of the Order, the seventh cause of action for copyright infringement is now limited to the original elements in *Leader Behavior* and *The Situational Leader* (the "Remaining Works").

Leadership Studies has repeatedly represented that it is not pursuing a copyright infringement claim based on the Remaining Works. For example, in an email dated March 30, 2017, counsel for Leadership Studies wrote to counsel for Blanchard Training: "[t]o be clear, we are not pursuing the LEAD instrument or any work other than the 1975 Work."

In its April 17, 2017 opposition to Blanchard Training's motion for summary judgment as to the seventh cause of action, Leadership Studies affirmatively represented to the Court that it is not pursuing a copyright infringement claim based on the Remaining Works, among other works:

- "To be clear, **Leadership Studies still represents that it will not pursue the alternative works in this action, even if it successfully defeats this MSJ**. It will support its copyright claim solely based on the 1975 Work." (Doc. 66, Opp. fn.1) (emphasis added).



Jeff Zuber, Esq.
September 29, 2017
Page Two

- Leadership Studies represented that the motion "inexplicably seeks summary judgment for works that are not being pursued while ignoring the only work at issue in the copyright infringement claim." (*Id.* at 1:6-8).

- "Leadership Studies unequivocally stated that it was *not* pursuing its claims related to the LEAD instrument, and did not base it claim on the other works the MSJ discusses." (*Id.* at 1:13-15).

Further, Leadership Studies implored the Court to rely upon these representations when it went so far as to seek sanctions against Blanchard Training for filing a motion related to any works other than the 1975 Dissertation. Incredibly, Leadership Studies accused a Cooley attorney, by name, of submitting a declaration in bad faith with the intent of misleading the Court and wasting judicial and party resources by addressing works other than the 1975 Dissertation. In the Order, the Court held that Blanchard Training's motion properly addressed the allegations of the Third Amended Complaint and found the request for sanctions to be without merit.

Blanchard Training also relied on Leadership Studies' representations to the Court in formulating its reply in support of its motion and in conducting depositions. Moreover, Leadership Studies acted consistent with its representations. For example, Leadership Studies, through its corporate representative, limited its testimony on copyright infringement to the 1975 Work.

In the event that Leadership Studies reneges on these representations, Blanchard Training is confident that it would be able to demonstrate a lack of substantial similarity between original elements contained in the Remaining Works and any accused works. Blanchard Training's works do not incorporate any original elements of the 1967 *Leader* Behavior work, as the use of four quadrants in *Leader Behavior* was borrowed from earlier third party works such as The Ohio State Leadership Quadrants. Moreover, the four-quadrant diagram in *The Situational Leader* (1985) is not original to that work—that diagram is identical in all material respects to earlier works co-authored by Ken Blanchard and Paul Hersey, such as *Management of Organizational Behavior* (4th ed. 1982). Blanchard Training's fees will only increase further if Leadership Studies continues to pursue this objectively unreasonable claim.[1]

Accordingly, please confirm by **October 3, 2017** that Leadership Studies will follow through on its representations to the Court and dismiss the seventh cause of action with prejudice. Further, please **immediately** confirm that Leadership Studies withdraws the expert designation of Dr. Kenneth Crews and modifies the designation of other experts, such as Sidney Blum, to exclude any opinions related to copyright infringement or copyright damages. Failure to dismiss the action, immediately withdraw Dr. Crews, or amend its expert designation shall subject Leadership Studies to additional costs and fees.

Sincerely,

Dennis Crovella

cc:   Steven M. Strauss, Esq.
      JP Oleksiuk, Esq.

---

[1] Effectively, Leadership Studies has already admitted it could not prevail on such a claim when it informed the Court and Blanchard Training that it would not pursue such a claim.