UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEADERSHIP STUDIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> BLANCHARD TRAINING AND DEVELOPMENT, INC., <br><br> Defendant. | Case No.: 15-cv-1831-WQH-KSC <br><br> **ORDER** |
| BLANCHARD TRAINING AND DEVELOPMENT, INC., <br><br> Counter-Claimant, <br><br> v. <br><br> LEADERSHIP STUDIES, INC., <br><br> Counter-Defendant. | |

HAYES, Judge:

  The matter before the Court is the Motion for Reconsideration of Order on Motion for Summary Judgment (ECF No. 134) filed by Leadership Studies, Inc.

1

## I. Background

On November 7, 2016, Leadership Studies, Inc. ("Leadership"[1]) filed the Third Amended Complaint (ECF No. 49) (the "TAC"). The TAC asserts nine causes of action against Blanchard Training and Development, Inc. ("Blanchard"). (ECF No. 49 at 1). The TAC's third cause of action is for trademark infringement under the Lanham Act, § 43(A), 15 U.S.C.A. § 1125(A). *Id.* The fourth cause of action is for trademark infringement via reverse confusion under the Lanham Act, § 43(A), 15 U.S.C.A. § 1125(A). *Id.*

On April 17, 2017, Blanchard filed a Motion to Dismiss Trademark Claims (Third, Fourth, and Fifth Cause of Action) pursuant to Fed. R. Civ. P. 12(b)(l) and, in the Alternative, Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56 (ECF No. 65) (the "Motion for Summary Judgment"). In the Motion for Summary Judgment, Blanchard contended that Leadership is barred from pursuing its third cause of action for trademark infringement and its fourth cause of action for trademark infringement via reverse confusion (the "Trademark Claims") by the following language in a 1982 agreement between Leadership and Blanchard (the "1982 Agreement"): "[Leadership] further agree[s] not to pursue violation of trademark action now or in the future as it refers to Situational Leadership." ECF No. 65-1 at 8 (citing ECF No. 65-7 at 2).[2]

---

[1] Dr. Paul Hersey founded Management Education & Development, Inc. ("MED") in 1976 and Leadership Studies Productions, Inc. in 1979. (ECF No. 116 at ¶ 2). In July 1985, Leadership Studies Productions, Inc. changed its name to "Leadership Studies." *Id.* MED merged into Leadership Studies in September 1985. *Id.* Leadership Studies changed its name to "Leadership Studies, Inc." in 2009. *Id.* This Order refers to the Plaintiff (the company named "Leadership Studies Productions, Inc.," then "Leadership Studies," then "Leadership Studies, Inc.") as "Leadership."

[2] Blanchard also moved for summary judgment on Leadership's fifth cause of action for fraud in obtaining registered marks under 15 U.S.C. §§ 1064(3) and 1119. (ECF No. 49 at 1). The Court denied Blanchard's motion for summary judgment on Leadership's fifth cause of action. (ECF No. 130 at 18). Leadership's fifth cause of action is not implicated by Leadership's Motion for Reconsideration (ECF No. 134).

On May 12, 2017, Leadership filed a Response to the Motion for Summary Judgment. (ECF No. 92).[3] Leadership contended that that the Covenant Not to Sue does not prevent Leadership from bringing the Trademark Claims because the parties to the 1982 Agreement intended the Covenant Not to Sue to apply only to a dispute relating to a company called Video University. (ECF No. 116 at 10). Leadership also contended that the Covenant Not to Sue in the 1982 Agreement does not prevent Leadership from bringing the Trademark Claims because the 1982 Agreement was superseded by a 1987 agreement between Leadership and Blanchard (the "1987 Agreement"). *Id.* at 3.

On December 1, 2017, the Court issued an Order (ECF No. 130) denying the Motion for Summary Judgment (the "Order"). The Court determined that "the jury, not the Court, will have to decide on the proper interpretation of the Covenant Not to Sue" and concluded that "[b]ecause the undisputed facts do not establish, as a matter of law, that the Covenant Not to Sue bars Leadership from bringing the Trademark Claims, Blanchard Inc. is not entitled to summary judgment on the Trademark Claims." (ECF No. 130 at 10). The Court further

> conclude[d] that the 1987 Agreement did not supersede the Covenant Not to Sue as a matter of law because (1) there is no language in the 1987 Agreement that expressly revokes the Covenant Not to Sue, (2) there are no provisions of the 1987 Agreement that conflict with the Covenant Not to Sue, and (3) the conduct of the parties has [4] been consistent with the continued validity of the Covenant Not to Sue.

*Id.* at 15.

---

[3] Leadership initially filed its Response to the Motion for Summary Judgment under seal. *See* ECF No. 98. Leadership has since filed an unsealed version of its Response to the Motion for Summary Judgment (ECF No. 116).

[4] In the Order, the Court inadvertently and incorrectly stated "the conduct of the parties has *not* been consistent with the continued validity of the Covenant Not to Sue." ECF No. 130 at 15 (emphasis added).

|   |   |
|---|---|
| 1 | On December 22, 2017, Leadership filed the Motion for Reconsideration (ECF No. |
| 2 | 134).[5] Leadership seeks reconsideration of the Court's conclusion that the 1987 Agreement |
| 3 | did not supersede the Covenant Not to Sue as a matter of law. ECF No. 134 at 2 (citing |
| 4 | ECF No. 130 at 15). On January 12, 2018, Blanchard filed a Response to the Motion for |
| 5 | Reconsideration. (ECF No. 139). On January 22, 2018, Leadership filed a Reply in |
| 6 | Support of the Motion for Reconsideration. (ECF No. 144). |

## II. Contentions

Leadership contends that the Court should reconsider its ruling that the 1987 Agreement did not novate the 1982 Agreement as a matter of law. (ECF No. 134-1 at 6). Leadership contends that "the existence of novation hinges on intent, a highly-fact specific inquiry that generally should not be decided as a matter of law." *Id.* at 15 (citing *Fanucchi & Limi Farms v. United Agri Prod.*, 414 F.3d 1075, 1082, 1086–87 (9th Cir. 2005)). Leadership contends that "a reasonable fact-finder could conclude that the 1982 Agreement . . . was extinguished [by the 1987 Agreement]," *id.* at 16, based on (1) the deposition testimony of Blanchard's founder, Dr. Kenneth Blanchard; (2) an internal Blanchard memorandum (the "1987 Memorandum") that "made no reference to the 1982 Agreement" and "noted that the 1987 [Agreement], among other things, gave BTD a 'royalty free license . . . to use Situational Leadership," *id.* at 10 (omission in original) (numbering and emphasis omitted) (citing ECF No. 83-6); (3) "the parties' course of conduct," *id.* at 18; (4) "the negotiations leading up to the 1987 [Agreement]," *id.*; (5) "the terms of the 1987 [Agreement]," *id.*, and (6) the fact that, "[u]ntil its second Answer in the instant litigation, [Blanchard] . . . never raised the 1982 Agreement as a defense to any potential trademark infringement suit," *id.* at 22 (emphasis omitted). Leadership contends that the Order improperly "infer[red] that the Parties meant, in the 1987 [Agreement], to

---

[5] Leadership filed a Motion to File Documents Under Seal in Support of Motion for Reconsideration of Order on Motion for Summary Judgment. (ECF No. 135). The Motion to File Documents Under Seal (ECF No. 135) is GRANTED.

only enable [Leadership] to sue [Blanchard] for breach of contract, even though the 1987 [Agreement] is expressly a trademark license and contains no language suggesting that [Leadership] waived potential trademark infringement claims." *Id.* at 19 (referencing the Order at 14). Leadership contends that the Court's conclusion that the 1987 Agreement did not novate the 1982 Agreement as a matter of law was premature because Blanchard did not move for summary judgment on this issue. (ECF No. 144 at 5).

Blanchard contends that "the intention on the part of all parties that [an] agreement should constitute a novation must clearly appear." ECF No. 139 at 20 (emphasis omitted) (citing *O'Reilly v. Johnson*, 205 P.2d 716, 717 (Cal. Ct. App. 1949)). Blanchard contends that "the 1987 Agreement is completely distinct from the 1982 Agreement, and imposes no conflicting obligations." *Id.* at 19. Blanchard contends that "Leadership Studies can enforce the 1987 [A]greement, if necessary, by suing for breach of contract, just as it has in this matter." *Id.* at 20. Blanchard contends that "it defies logic that the 1987 Memorandum, which made no reference to the 1982 Agreement, establishes a clear intent to substitute and extinguish the 1982 Agreement." *Id.* (quotation omitted). Blanchard contends that "the parties' conduct has been consistent with the continued validity of the 1982 Agreement." *Id.*

## III. Discussion

"[A] district court has the inherent power to revisit its non-final orders . . . ." *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 787 (9th Cir. 2011). A denial of a motion for summary judgment is a non-final order. *Oppenheimer v. Los Angeles Cty. Flood Control Dist.*, 453 F.2d 895, 895 (9th Cir. 1972).

Blanchard's Motion for Summary Judgment asked the Court to grant summary judgment on the Trademark Claims based on the Covenant Not to Sue contained in the 1982 Agreement. ECF No. 65-1 at 8 (citing ECF No. 65-7 at 2). In the Response to the Motion for Summary Judgment, Leadership opposed the Motion for Summary Judgment on two grounds: (1) the Covenant Not to Sue only applied to disputes involving Video University, not broader claims like this case; and (2) even if the 1982 Agreement applied

5

broadly, the 1987 Agreement superseded the Covenant Not to Sue. (ECF No. 116 at 3, 10). Consequently, in order to grant the Motion for Summary Judgment, the Court would have had to conclude that, as a matter of law, (1) the Covenant Not to Sue applied to disputes not involving Video University, and (2) the 1987 Agreement did not supersede the Covenant Not to Sue. The Court was required to deny the Motion for Summary Judgment if it concluded that the evidence on the record and the justifiable inferences that could be drawn therefrom did not warrant either one (or both) of those two conclusions.

In the Order denying the Motion for Summary Judgment, the Court concluded that the evidence on the record and the justifiable inferences that could be drawn therefrom did not establish, as a matter of law, that the Covenant Not to Sue applied to disputes not involving Video University. (ECF No. 130 at 10). Based upon this conclusion, the Court was required to deny the Motion for Summary Judgment. Consequently, resolving the Motion for Summary Judgment did not require the Court to decide whether the 1987 Agreement novated the 1982 Agreement. The Court finds that its conclusion that "the 1987 Agreement did not supersede the Covenant Not to Sue as a matter of law" was premature.[6] (ECF No. 130 at 15).

IV. **Conclusion**

The Motion for Reconsideration (ECF No. 134) is GRANTED. Section IV.C of the Order (ECF No. 130) is VACATED.

Dated: April 10, 2018

Hon. William Q. Hayes
United States District Court

---

[6] Leadership has not filed a motion for summary judgment asking the Court to conclude that the 1987 Agreement did novate the 1982 Agreement as a matter of law.