UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEADERSHIP STUDIES, INC.,<br><br>         Plaintiff,<br><br>v.<br><br>BLANCHARD TRAINING AND DEVELOPMENT, INC.,<br><br>         Defendant. | Case No.: 15-cv-1831-WQH-KSC<br><br>**ORDER** |
| BLANCHARD TRAINING AND DEVELOPMENT, INC.,<br><br>         Counter-Claimant,<br><br>v.<br><br>LEADERSHIP STUDIES, INC.,<br><br>         Counter-Defendant. | |

HAYES, Judge:

  The matters before the Court are the Motion for Reconsideration of Order (ECF No. 117) filed by Blanchard Training and Development, Inc. and the Motion for Leave to File Its Fourth Amended Complaint (ECF No. 126) filed by Leadership Studies, Inc.

## I. Background

On August 17, 2015, Leadership Studies, Inc. ("Leadership") initiated this action by filing the Complaint (ECF No. 1) against Blanchard Training and Development, Inc. ("Blanchard"). On August 11, 2016, United States Magistrate Judge Karen S. Crawford issued the Scheduling Order (ECF No. 43). The Scheduling Order stated "Any motion . . . to amend the pleadings . . . shall be filed on or before August 29, 2016." (ECF No. 43 at 1).[1]

On August 29, 2016, Leadership filed a Motion for Leave to Amend the Second Amended Complaint and File Third Amended Complaint (ECF No. 44). On October 27, 2016, the Court issued an Order granting Leadership's Motion to File a Third Amended Complaint. (ECF No. 48). On November 7, 2016, Leadership filed the Third Amended Complaint (ECF No. 49) (the "TAC").

The Third Amended Complaint includes a claim for copyright infringement. (ECF No. 49). The claim for copyright infringement identifies a number of works containing allegedly infringed-upon material including *The Situational Leader*. *Id.* at ¶¶ 168–71. Leadership has stated that it "s[eeks] to assert copyright infringement of three elements that are present in its Situational Leadership® Bell Curve Models ('Bell Curve Elements')." (ECF No. 126-1 at 7). Leadership contends that the TAC "asserts these elements through *The Situational Leader*." *Id.* Leadership contends the Bell Curve Elements originally appeared in a 1975 dissertation written by Paul Hersey as part of a doctoral program that he attended at the University of Massachusetts, Amherst (the "Dissertation"). *Id.* Leadership did not locate the Dissertation until December 2016 and did not determine that the Dissertation was the original source of the Bell Curve Elements until early 2017. Declaration of A. James Boyajian, ECF No. 66-2, at ¶ 5; Declaration of Michele M. Desoer, ECF No. 126-4, at ¶ 6.

---

[1] This deadline has not been revised in any of the Amended Scheduling Orders issued in this case. *See* ECF Nos. 53, 59, 100, 137.

On March 29, 2017, Blanchard filed the Motion for Summary Judgment (ECF No. 63). In the Motion for Summary Judgment, Blanchard contended that it was "entitled to judgment on the copyright claim as a matter of law[] because Leadership Studies does not own the copyright in the allegedly original elements of the asserted works." (ECF No. 63 at 2). The Motion for Summary Judgment also requested attorney's fees under the fee-shifting provision of the Copyright Act, 17 U.S.C. § 505. *Id.*

On April 17, 2017, Leadership filed an Opposition to the Motion for Summary Judgment. (ECF No. 66). The Opposition to the Motion for Summary Judgment included a footnote stating

> To be clear, Leadership Studies still represents that it will not pursue the alternative works in this action, even if it successfully defeats this MSJ. It will support its copyright claim solely based on the [Dissertation]. It simply seeks to avoid a dismissal on the merits on the other works that it already voluntarily dropped, and for which Blanchard cannot carry its burden for summary adjudication.

*Id.* at 8, n.2. On April 24, 2017, Blanchard filed a Reply in Support of the Motion for Summary Judgment. (ECF No. 76). In the Reply, Blanchard stated

> Leadership Studies confirms and admits that it is no longer pursuing copyright claims based on the works identified in the TAC. However, Leadership Studies refuses to dismiss the copyright claims it has pursued for almost two years. Instead, Leadership Studies asks this Court to deny Blanchard Training's motion, and simply allow Leadership Studies to proceed on a new claim.

*Id.* at 13.

On September 25, 2017, the Court issued an Order (ECF No. 108) granting in part and denying in part the Motion for Summary Judgment (the "Order"). The Order granted Blanchard summary judgment on Leadership's copyright claims based on original material contained in four works, one of which was the Dissertation. (ECF No. 108 at 9). The Court stated that Leadership could not rely on the Dissertation to support its claim for copyright infringement because "Leadership did not identify the Dissertation as a subject of its copyright claim in the TAC." *Id.* The Order denied summary judgment on

3

Leadership's copyright claims based on *Leader Behavior* and *The Situational Leader*. *Id*. The Order did not discuss whether Leadership had abandoned its copyright claims. *See id*. The Order addressed Blanchard's request for attorney's fees by stating that "Blanchard Inc.'s Motion for Summary Judgment is denied in part. Therefore, Blanchard Inc. is not entitled to attorney's fees under 17 U.S.C. § 505." *Id.*

On October 23, 2017, Blanchard filed a Motion for Reconsideration of the Order (ECF No. 117). The Motion for Reconsideration seeks reconsideration of two aspects of the Order: (1) the denial of summary judgment on Leadership's claims for copyright infringement based on original material in *Leader Behavior* and *The Situational Leader*, and (2) the denial of Blanchard's request for attorney's fees under 17 U.S.C. § 505. (ECF No. 117 at 2). On November 13, 2017, Leadership filed a Response to the Motion for Reconsideration. (ECF No. 119). On November 20, 2017, Blanchard filed a Reply in Support of the Motion for Reconsideration. (ECF No. 123).

On November 20, 2017, Leadership filed a Motion for Leave to File Its Fourth Amended Complaint (ECF No. 126) (the "Motion to Amend"). In the Motion to Amend, Leadership seeks leave to file a Fourth Amended Compliant that identifies the Dissertation as a source of copyrighted material in support of its claim for copyright infringement. (ECF Nos. 126-1, 126-2). On December 12, 2017, Blanchard filed a Response to the Motion to Amend. (ECF No. 131). On December 19, 2017, Leadership filed a Reply in Support of the Motion to Amend (ECF No. 133).

**II.   The Motion for Reconsideration**

Blanchard seeks reconsideration of two portions of the Order: (1) the denial of summary judgment on Leadership's claims for copyright infringement based on original material in *Leader Behavior* and *The Situational Leader*, and (2) the denial of Blanchard's request for attorney's fees under 17 U.S.C. § 505. (ECF No. 117 at 2).

**A.   Standard of Review**

"Reconsideration is an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229

F.3d 877, 890 (9th Cir. 2000); *see also United Nat'l Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (citing *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). The party seeking reconsideration has the burden of demonstrating that reconsideration is warranted. *See Mitchell v. San Diego Cty. Sheriff*, 17 F. App'x 697, 697–98 (9th Cir. 2001); *Kohl v. Las Vegas Metro. Police Dep't*, 17 F. App'x 706, 706–07 (9th Cir. 2001).

### B. *Leader Behavior* and *The Situational Leader*

Blanchard contends that the Court should reconsider the part of the Order that denied summary judgment on Leadership's claims for copyright infringement of original material in *Leader Behavior* and *The Situational Leader* because Leadership abandoned those claims by including the following footnote in its Response to the Motion for Summary Judgment:

> To be clear, Leadership Studies still represents that it will not pursue the alternative works in this action, even if it successfully defeats this MSJ. It will support its copyright claim solely based on the [Dissertation]. It simply seeks to avoid a dismissal on the merits on the other works that it already voluntarily dropped, and for which Blanchard cannot carry its burden for summary adjudication.

ECF No. 117 at 5–6 (citing ECF No. 66 at 8, n.2). The Court finds that Blanchard is not entitled to summary judgment on Leadership's claims for copyright infringement of original material in *Leader Behavior* and *The Situational Leader* based on the language in this footnote. *See id.* ("seek[ing] to avoid a dismissal on the merits" and stating that "Blanchard cannot carry its burden for summary adjudication.").

### C. Attorney's Fees

Blanchard moves the Court to reconsider the part of the Order that denied Blanchard's request for attorney's fees under 17 U.S.C. § 505. (ECF No. 117 at 7–8).

Blanchard contends that reconsideration is warranted because the Court erred by "not determin[ing] the prevailing party under the 'material alteration test.'" *Id.* at 7. Blanchard contends that "[o]nce the analysis is undertaken, Blanchard should be found to be the prevailing party." *Id.* Leadership contends that the Court's decision not to award Blanchard attorney's fees "was not in error, let alone 'clear error,' . . . because [Blanchard's] MSJ [w]as denied in part." (ECF No. 119 at 28).

Under 17 U.S.C. § 505, "the court may . . . award a reasonable attorney's fee to the prevailing party as part of the costs." In the Order, the Court granted Blanchard summary judgment on Leadership's copyright claims based on four works and denied Blanchard's request for summary judgment on Leadership's copyright claims based on *Leader Behavior* and *The Situational Leader*. (ECF No. 108 at 9). The Order addressed Blanchard's request for attorney's fees by stating that "Blanchard Inc.'s Motion for Summary Judgment is denied in part. Therefore, Blanchard Inc. is not entitled to attorney's fees under 17 U.S.C. § 505." *Id.*

Blanchard has not presented the Court with any authority that establishes that a party becomes "the prevailing party" for purposes of 17 U.S.C. § 505 when its motion for summary judgment is granted in part and denied in part. *See* ECF Nos. 117, 123. Accordingly, the Court finds that Blanchard has not carried its burden of demonstrating that the Court committed clear error when it denied Blanchard's request for attorney's fees. *See Marlyn Natraceuticals*, 571 F.3d at 880 (citing *389 Orange St. Partners*, 179 F.3d at 665).[2]

### III. Motion to Amend

Leadership seeks leave to file a Fourth Amended Compliant that identifies the Dissertation as a source of copyrighted material in support of its claim for copyright infringement. (ECF Nos. 126-1, 126-2).

---

[2] Blanchard does not contend that reconsideration is warranted because of newly discovered evidence or a change in the controlling law. *See* ECF No. 117 at 7–8.

A motion for leave to amend filed after the time period specified in a scheduling order is governed by the "good cause" standard of Federal Rule of Civil Procedure ("Rule") 16(b). *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992). Rule 16 provides that a district court must issue a scheduling order that limits "the time to . . . amend the pleadings." Fed. R. Civ. P. 16(b). Rule 16 also provides that "[a] schedule may be modified only for good cause and with the judge's consent."

The Scheduling Order stated "Any motion . . . to amend the pleadings . . . shall be filed on or before August 29, 2016." (ECF No. 43 at 1). The Motion to Amend was filed on November 20, 2017. (ECF No. 126). Consequently, the Motion to Amend is governed by Rule 16.

Leadership contends that the Motion to Amend should be granted because it "has diligently and consistently sought to assert copyright infringement of three elements that are present in its Situational Leadership® Bell Curve Models ('Bell Curve Elements')." (ECF No. 126-1 at 7). Leadership contends that it currently "asserts these elements through *The Situational Leader*." *Id.* Leadership contends that "the Bell Curve Elements originate from [the Dissertation]." *Id.* However, Leadership did not locate the Dissertation until December 2016, and did not determine that the Dissertation was the original source of the Bell Curve Elements until early 2017. Boyajian Decl. at ¶ 5; Desoer Decl. at ¶ 6. Leadership contends that it was diligent in searching for the origin of the Bell Curve Elements but did not trace them to the Dissertation until 2017 because "[d]ecades of history, encompassing countless documents and iterations of the Situational Leadership® Bell Curve Models[]" obscured the source of the Bell Curve Elements. (ECF No. 126-1 at 7). Leadership contends that "[t]racing, through the fog of time, the Bell Curve Elements back from the newer publications . . . to the Dissertation required a comprehensive review, careful comparison, and analysis of numerous Situational Leadership® Models and their accompanying copyright notices and copyright records." *Id.* at 10. Leadership also notes that it did not have the benefit of Dr. Hersey's knowledge because of his "untimely death." *Id.*

Blanchard contends that the Motion to Amend should be denied because "Leadership Studies provides no evidence explaining the company's knowledge, lack of knowledge, or diligence in attempting to ascertain the facts on which these new allegations are made." (ECF No. 131 at 19). Leadership contends that Blanchard was not diligent in identifying the Dissertation as the source of the Bell Curve Elements because "[a]n online search for the dissertation 'SITUATIONAL LEADERSHIP: Some Aspects of Its Influence On Organizational Development' easily leads one to a UMass Amherst website which makes the 1975 Dissertation publicly available for free," and "an abstract summarizing the 1987 assignment of the 1975 Dissertation (Registration No. A768223) is publicly available on the United States Copyright Office's website." *Id.* at 18. Blanchard also contends that Leadership knew about the Dissertation "well before Leadership Studies commenced this litigation in August 2015 [considering] David Hersey, Leadership Studies' former CEO (approximately 2008-2010), director, shareholder, and son of Dr. Hersey, testified that he read the Dissertation and while CEO discussed it with Dr. Hersey." *Id.* at 17–18. Leadership contends that "the knowledge of a long-gone former officer [cannot] . . . be imputed to current [Leadership] officers for the purposes of whether [Leadership] should have known of the dissertation's content and importance." (ECF No. 133 at 11).

The Court finds that good cause exists to modify the Scheduling Order. Dr. Hersey and Dr. Blanchard co-authored a number of works over a period of time encompassing multiple decades. Many of these works contained slightly different versions of the Bell Curve Model. Some versions contained the Bell Curve Elements, others did not. Determining the exact work in which the Bell Curve Elements originally appeared was a difficult and time-intensive endeavor. Accordingly, the Court finds that Leadership's failure to identify the Dissertation as the original source of the Bell Curve Elements prior to 2017 does not demonstrate that Leadership failed to diligently investigate its copyright claim.

### IV. Conclusion

The Motion for Reconsideration (ECF No. 117) is DENIED.

1 | The Motion to Amend (ECF No. 126) is GRANTED.  Leadership shall file the
2 | proposed Fourth Amended Complaint (ECF No. 126-2) in the record of this case within
3 | seven days from the date of this order.

4 | Dated: April 12, 2018

*[signature: William Q. Hayes]*

Hon. William Q. Hayes
United States District Court